42 Ill. App.3d 176 (1976)
356 N.E.2d 195
In re APPOINTMENT OF SPECIAL STATE'S ATTORNEYS.  (MARTIN RUDMAN, Petitioner-Appellee,
v.
TED GRABAVOY, Intervenor-Respondent-Appellant.)
No. 76-78.
Illinois Appellate Court  Third District.
Opinion filed September 30, 1976.
*177 *178 Cirricione, Block & Krockey, P.C., of Joliet (Joseph M. Cernugel, of counsel), for appellant.
Martin Rudman, State's Attorney, of Joliet, pro se (Nicholas Sakellariou, Assistant State's Attorney, of counsel), for appellee.
Order affirmed.
Mr. JUSTICE STENGEL delivered the opinion of the court:
Ted Grabavoy, chairman of the Will County Board of Supervisors, appeals from an order appointing four special State's Attorneys and from an order denying him leave to intervene in this cause.
In preparing the county budget for the year beginning December 1, 1975, the county board deleted the salaries of four part-time assistant State's Attorneys from the budget. The State's Attorney filed a petition requesting the Circuit Court of Will County to appoint special State's Attorneys to have charge of cases in four categories: (1) to prosecute traffic offenses in five courts handling such cases, (2) to prosecute violations of the county health ordinance, (3) to prosecute suits filed by the county to recover moneys expended as a result of mental hearings, and (4) to handle the defense of four civil suits pending against the county. The petition alleged that the State's Attorney and his 14 full-time assistants were fully occupied with other duties, and that elimination of the four part-time assistants would have "an adverse effect on the criminal justice system" in Will County.
When Grabavoy and another member of the county board appeared in court in opposition to the petition, the court granted leave to the county board to file sworn pleadings or responses to the petition. Thereafter, Grabavoy, as an individual, filed an unverified motion to dismiss the petition which was stricken because it was not signed under oath. Then Grabavoy filed a sworn petition to intervene, again in his own name, and after a hearing, the petition was denied. The court subsequently granted the original petition, appointing four special State's Attorneys as requested, and ordered the appointees to file with the supervising judge monthly reports of services rendered.
In a memorandum opinion, the court said:
"This Court takes judicial notice of the great volume of pending cases in which the People of the State of Illinois are plaintiff and the *179 steady annual increase in the number of such cases. Reduction in the work force of the State's Attorney can only lead to an unmanageable backlog, a result absolutely unacceptable to the public. Such violation of the constitutional principle of speedy justice would be intolerable * * *.
The Court further finds that the filing of a separate order of appointment in each such case would impose an intolerable administrative burden on the Clerk of the Court and the State's Attorneys [sic] office, IT IS THEREFORE ORDERED that the Order entered by this Court be spread on the records of the Circuit Court of the Twelfth Judicial Circuit in Will County as a General Order to the same force and effect as if said Order were entered in each individual case prosecuted by Special State's Attorneys."
On appeal, Grabavoy contends, first, that the petition to appoint special State's Attorneys should not have been granted, and second, that it was error to deny his petition to intervene. The State's Attorney contends that Grabavoy had no standing to bring an appeal.
In order to dispose of these issues in logical fashion, we must first consider the question of Grabavoy's petition to intervene.
Although the trial court granted permission for the county board of supervisors to intervene as a party to the petition, Grabavoy sought to intervene as a private person, not on behalf of the county or county board.
 1, 2 Section 26.1 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 26.1(1)(b)) permits intervention as a matter of right when the representation of the applicant's interest by existing parties may be inadequate and the applicant will be bound by an order in the action. Since the county would be subject to a court order to pay the expenses of the special State's Attorneys, the county had a right to intervene (Will County Board of Review v. Property Tax Appeal Board (1971), 48 Ill.2d 513, 517, 272 N.E.2d 32, 35), but that right does not extend to individual members or officers of the county board.
 3 Grabavoy argues that, as a private person, he can nevertheless represent and protect the county's interest. The law of Illinois is to the contrary. In Marsh v. People (1907), 226 Ill. 464, 471, 80 N.E. 1006,[1] our supreme court stated:
"The member selected chairman of the [county] board is merely its presiding officer and otherwise has no superior powers to any other member of the board. * * * `The supervisors have no power to act individually. It is only when convened and acting together as *180 a board of supervisors that they represent and bind the county by their acts.'"
(Pauly v. County of Madison (1919), 288 Ill. 255, 260, 123 N.E. 291; Bouton v. Board of Supervisors (1877), 84 Ill. 384; County of Stephenson v. Bradley & Bradley, Inc. (2d Dist. 1971), 2 Ill. App.3d 421, 275 N.E.2d 675, 678.) Thus, in the absence of a resolution of the board of supervisors authorizing Grabavoy to act on behalf of the county, he had no power to act individually, and the circuit court was not required to allow him to intervene for the purpose of representing Will County.
Grabavoy argues that he might be held in contempt of court if the board should refuse to obey a court order for payment of the attorney's costs and that he thus has sufficient indirect interest to justify his intervention. The Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 26.1(2)(b)), provides:
"(2) Upon timely application anyone may in the discretion of the court be permitted to intervene in an action: * * * (b) when an applicant's claim or defense and the main action have a question of law or fact in common."
Grabavoy's request to intervene was a matter within the sound discretion of the trial court, and its ruling will not be reversed unless a clear abuse of discretion is shown. Intervention is permitted in order to expedite litigation by disposing of the entire controversy in one action. The applicant need not show a direct interest in the suit, but must have an enforceable or recognizable right and more than a general interest in the subject matter. Cooper v. Hinrichs (1957), 10 Ill.2d 269, 277, 140 N.E.2d 293; United Steelworkers of America v. Bailey (2d Dist. 1975), 29 Ill. App.3d 392, 329 N.E.2d 867.
 4 Grabavoy's assertion that he might be subject to a contempt order is predicated on the conjecture that the board, acting in its official capacity, would refuse to obey a court order directing the county to pay for the services of a special State's Attorney and that the court would then hold the officers or members to be personally in contempt of court. Any interest arising from such hypothetical circumstances is purely speculative and not recognizable under section 26.1. The trial court did not abuse its discretion in denying the petition to intervene.
 5 Grabavoy also contends that the State's Attorney has argued for the first time on appeal that he lacks sufficient interest to intervene. In fact, during the hearing on the petition for leave to intervene, the trial court stated that Grabavoy had no legal right to be a party to the cause, but that he had been permitted to present his views "either as an amicus or as persons who had an indirect interest in the outcome of the petition." The trial court refused to give Grabavoy the status of a party, and the issue of Grabavoy's interest is properly before this court.
*181 Having concluded that denial of Grabavoy's petition for leave to intervene was not erroneous, and thus that he was not a party to this cause, the next question is whether he has standing to appeal from the order of the trial court granting the petition. If not, then the merits of the case are not properly before this court. People v. Thompson (4th Dist. 1968), 101 Ill. App.2d 104, 105, 242 N.E.2d 49, 50, cert. denied, 396 U.S. 903, 24 L.Ed.2d 179, 90 S.Ct. 215.
 6 Supreme Court Rule 301 (Ill. Rev. Stat. 1975, ch. 110A, par. 301) sets out the method of review and states in part:
"All rights that could have been asserted by appeal or writ of error may be asserted by appeal."
Rule 301 thus incorporates prior appellate practice (Gowdey v. Commonwealth Edison Co. (1st Dist. 1976), 37 Ill. App.3d 140, 345 N.E.2d 785, 790), which was summarized in Gibbons v. Cannaven (1946), 393 Ill. 376, 380, 66 N.E.2d 391, 169 A.L.R. 1190, as follows:
"[I]n order to entitle a person to prosecute a writ of error to review a judgment to which he was not a party, the interest of such party must appear in the record, or if it does not so appear, then it must be alleged in the assignment of errors. His interest must be such as to show that he takes or loses something directly by the judgment or decree which he challenges. [Citations.] The general rule was that before a person who was not a party to the record was entitled to maintain a writ of error, he must show a direct interest in the subject matter of the litigation, which interest was prejudiced or aggrieved by the judgment sought to be reviewed."
 7 Accordingly, the test to determine Grabavoy's standing to appeal is whether he has a direct, immediate, and substantial interest in the petition which would be prejudiced by the order or benefited by its reversal. (City of Alton v. County Court of St. Charles County (1959), 16 Ill.2d 23, 30, 156 N.E.2d 531; Flanagan v. Hulman (1st Dist. 1970), 121 Ill. App.2d 382, 257 N.E.2d 599, 601.) Nothing in the record or briefs submitted to this court indicates that Grabavoy has such interest as would give him standing to bring this appeal as a nonparty. Although the county would have the necessary direct and substantial interest, the board of supervisors has not seen fit to authorize participation by the county, as required by sections 22 and 23 of the Counties Act (Ill. Rev. Stat. 1975, ch. 34, pars. 301, 302). Therefore, we find that Grabavoy has no standing to appeal.
 8, 9 We believe that one additional point deserves comment. Grabavoy contends that the order of the trial court was void because the court lacked jurisdiction. We do not agree. An ex parte petition requesting appointment of a special State's Attorney and setting out facts showing that such an appointment is proper or expedient is sufficient to give the *182 circuit court jurisdiction. (People v. Howarth (1953), 415 Ill. 499, 513, 114 N.E.2d 785; Lavin v. Board of Commissioners (1910), 245 Ill. 496, 502, 92 N.E. 291; People ex rel. Baughman v. Eaton (4th Dist. 1974), 24 Ill. App.3d 833, 321 N.E.2d 531.) The facts alleged in the petition here were sufficient to establish prima facie that the State's Attorney would be unable to attend the specified pending cases as well as future cases of certain kinds. Although section 6 of "An Act in regard to attorneys general and state's attorneys" (Ill. Rev. Stat. 1975, ch. 14, par. 6) authorizes appointment of special State's Attorneys only in pending cases, the general powers of the circuit court are not circumscribed by the statute. As was said in Wilson v. County of Marshall (2d Dist. 1930), 257 Ill. App. 220, 225-26:
"The statute provides for a legal appointment after action begun but contains no provision for appointment before suit or proceeding has been started. But none is needed. Courts of general criminal jurisdiction have inherent power in the absence of a statute to appoint special attorneys, when the regular officer is absent or disqualified, in order to prevent a failure of justice. * * * The existence of this power is undenied and necessary to a proper and orderly administration of justice."
 10 We also think it noteworthy that the office of State's Attorney is established by a provision of the Judicial Article of the Illinois Constitution of 1970 (Ill. Const. 1970), art. VI, § 19), rather than the Local Government Article (Ill. Const. 1970), art. VII, § 4), presumably because the State's Attorney is an officer of the court and is an essential part of the system of justice. Under our constitutional system responsibility for the orderly administration of justice and protection of the due process rights of our citizens rests ultimately with the courts. We cannot disclaim the power to do what is necessary to that end.
 11 Although mandamus would also be an appropriate remedy to challenge the county board's budgetary cuts in the State's Attorney's staff (see 1976 Ill. Att'y Gen. Op. No. S-1075), we believe the petition filed in the case at bar was a proper means of bringing to the court's attention the inability of the State's Attorney to attend to his statutory duties without additional help.
We affirm the decree of the Circuit Court of Will County.
Affirmed.
ALLOY, P.J., and BARRY, J., concur.
NOTES
[1] Marsh was overruled in part on other grounds in People v. Lieber (1934), 357 Ill. 423, 436, 192 N.E. 331, but in so doing, the supreme court expressly acknowledged the correctness of the proposition quoted above. 347 Ill. 423, 434, 192 N.E. 331, 336.