*In re* SPECIAL PROSECUTOR (Jerome Gholson, Appellee, v. Alan C. Downen, State's Attorney of Hamilton County, Appellant).

Fifth District   No. 5—87—0071

Opinion filed December 21, 1987.

WELCH, J., dissenting.

Alan C. Downen, State's Attorney, of McLeansboro, *pro se* (Kenneth R. Boyle, Stephen E. Norris, and Kim G. Noffke, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for appellant.

Clyde L. Kuehn, of Kuehn & Rhein, of Belleville, for appellee.

Fred Foreman, of Illinois State's Attorneys Association, of Waukegan, for *amicus curiae* Illinois State's Attorneys Association.

PRESIDING JUSTICE HARRISON delivered the opinion of the court:

Alan C. Downen, State's Attorney of Hamilton County, appeals from orders entered by the Hamilton County circuit court which (1) appointed a special prosecutor to impanel a grand jury to investigate possible violations of the law which may have occurred during the prosecution of Jerome Gholson for solicitation to murder Downen, (2) denied Downen's motion to vacate the order appointing the special prosecutor, and (3) refused to grant Downen's request for a change of venue. For the reasons which follow, this appeal shall be dismissed.

The action giving rise to Downen's appeal commenced when Jerome Gholson petitioned the circuit court of Hamilton County to appoint a special prosecutor pursuant to section 6 of "An Act in regard to attorneys general and state's attorneys" (Ill. Rev. Stat. 1985, ch. 14, par. 6) "charged with plenary power to investigate potential violations of the Criminal Code" in connection with Gholson's prosecution in Crawford County for solicitation to murder Downen. Gholson was acquitted of that charge following a jury trial.

In his petition, which was verified, Gholson set forth specific and detailed factual allegations suggesting that various criminal acts may have been committed in connection with the unsuccessful attempt to secure his conviction. These included:

(1) official misconduct arising from the State's payments to an informant who was called to testify as part of its case, aiding the informant and his wife in avoiding prosecution for passing bad checks and favorably disposing of criminal charges against the husband of a potential witness in exchange for that witness' cooperation with the State's case;

(2) compounding a crime by making the payments to the State's informant, who was not called as an expert witness;

(3) violation of State law governing eavesdropping devices and official misconduct and obstruction of justice associated with those violations; and

(4) obstruction of justice, perjury and official misconduct involving an inaccurate report prepared by a criminal investigator for the State and testimony adduced regarding the contents of that report.

According to Gholson's petition, Downen was personally involved, directly or indirectly, in various of these alleged criminal acts. Because of this involvement, Gholson asserted that appointment of a special prosecutor, "free of potential conflict or interest," was necessary.

Gholson's petition was presented to the circuit court by his attorney on January 15, 1987. An *ex parte* hearing was then conducted, no notice having been given to Downen. Following the hearing, the court took the matter under advisement. At the same time, the court ordered the case file sequestered and directed the court reporter not to discuss the matter with anyone.

The next day, January 16, 1987, the court granted Gholson's petition. It issued an order appointing Richard Aguirre as special prosecutor "to impanel a grand jury in Hamilton County with plenary power to conduct all necessary investigations" into the matters raised by Gholson's petition and "unsequestered" the file. Thereafter, on January 20, 1987, Downen filed motions for a change of venue, requesting that the case be assigned to a different judge, and to vacate the order appointing the special prosecutor. Downen subsequently amended both of these motions. Both motions, as amended, were denied by the circuit court on January 26, 1987, after hearing arguments by counsel. This appeal followed.

As grounds for his appeal, Downen asserts that the circuit court's order appointing the special prosecutor is void because it was granted

*ex parte* without affording him prior notice and an opportunity to be heard, that the court abused its discretion in issuing that order because "the State's Attorney was not given the notice he was entitled to" and the court had "ordered the court file sequestered to keep the public and the State's Attorney from finding out about the petition," that insufficient evidence was adduced to support issuance of the order, that the petition itself was insufficient as a matter of law, and that the circuit court was prejudiced against him. Accordingly, Downen urges this court to set aside the order appointing the special prosecutor and to remand the case for a new hearing before a different judge. After careful review of the record and the applicable law, however, we have concluded that we are unable to consider the merits of Downen's arguments, for his appeal is not properly before us.

■■ Section 6 of "An Act in regard to attorneys general and state's attorneys" (Ill. Rev. Stat. 1985, ch. 14, par. 6) authorizes the appointment of a special prosecutor if the State's Attorney "is interested in any cause or proceeding, civil or criminal, which it is or may be his duty to prosecute or defend." This statute, by its terms, authorizes such appointments only in pending cases. (*In re Appointment of Special State's Attorneys* (1976), 42 Ill. App. 3d 176, 182, 356 N.E.2d 195, 199.) Here, there was no case yet pending at the time the petition was filed. Nevertheless, the law is now settled that circuit courts possess the inherent power to also appoint special attorneys "when the regular officer is absent or disqualified, in order to prevent a failure of justice" even before a suit or proceeding has commenced. 42 Ill. App. 3d at 182, 356 N.E.2d at 199; see also *People ex rel. York v. Downen* (1983), 119 Ill. App. 3d 29, 31, 456 N.E.2d 286, 287.

■■ There are no statutory provisions governing the procedure to be employed in bringing to a court's attention the possible need for appointment of a special prosecutor. (*In re McNulty* (1978), 60 Ill. App. 3d 701, 704, 377 N.E.2d 191, 193.) Rather, this is a matter which has been developed as a matter of common law. Three methods have been recognized. The court's jurisdiction to consider appointment of a special prosecutor may be invoked either (1) by the court upon its own motion, (2) through a petition filed by the State's Attorney, or (3) as in this case, upon the petition of a citizen. 60 Ill. App. 3d at 704, 377 N.E.2d at 193; *Baxter v. Peterlin* (1987), 156 Ill. App. 3d 564, 566, 509 N.E.2d 156, 157; *People v. Howarth* (1953), 415 Ill. 499, 513, 114 N.E.2d 785.

■■ Where, as here, a citizen petitions for appointment of a special prosecutor, but seeks no injunctive relief against the State's Attorney to force him to do or stop doing something (compare *People ex*

*rel. York v. Downen* (1983), 119 Ill. App. 3d 29, 456 N.E.2d 286 (citizens sought to enjoin State's Attorney from proceeding with grand jury investigation in addition to requesting appointment of special prosecutor)) there is no requirement that the State's Attorney be joined as a party. The State's Attorney was not, in fact, named as a party in this case, and he made no effort to formally intervene in the proceedings. He apparently just began filing motions attacking the circuit court's order granting the petition, and the court, in turn, apparently disposed of those motions without ever considering its authority or obligation to do so. Downen may have believed that the court's actions constituted an implicit grant of leave to intervene, but Illinois law recognizes no doctrine of intervention by implication. To the contrary, section 2—408 of our Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—408) expressly requires that a "timely application" be made before intervention can be allowed. Downen therefore comes before us as a nonparty.

■ Supreme Court Rule 301 (107 Ill. 2d R. 301) has been construed to allow even a nonparty to appeal. (*Metropolitan Sanitary District ex rel. O'Keeffe v. Ingram Corp.* (1980), 85 Ill. App. 3d 859, 865, 407 N.E.2d 627, 631, *rev'd on other grounds* (1981), 85 Ill. 2d 458, 426 N.E.2d 860.) To have standing to bring an appeal, however, a nonparty must have a "direct, immediate and substantial interest in the subject matter, which would be prejudiced by the judgment or benefited by its reversal." (*Marcheschi v. P. I. Corp.* (1980), 84 Ill. App. 3d 873, 878, 405 N.E.2d 1230, 1234.) A nonparty to an action "is prejudiced or aggrieved in a legal sense when a legal right has been invaded or a pecuniary interest is directly, not merely indirectly, affected." *Metropolitan Sanitary District ex rel. O'Keeffe v. Ingram Corp.* (1980), 85 Ill. App. 3d 859, 865, 407 N.E.2d 627, 631, *rev'd on other grounds* (1981), 85 Ill. 2d 458, 426 N.E.2d 860.

■ The record before us fails to establish how Downen would suffer such prejudice if the orders from which he now appeals were to be affirmed. The only pecuniary interests which might be directly affected by appointment of a special prosecutor here are those of the county, which will be subject to liability for the special prosecutor's expenses, but Downen has not brought this appeal in the name of the county. He is apparently proceeding on his own behalf or, at most, on behalf of the office of State's Attorney.

While Downen argues that payment of a special prosecutor might deplete county funds which would otherwise be available to his office for future prosecutions and investigations, he admits that these effects are merely indirect. From the record before us, they also appear

to be entirely speculative.

To be sure, Downen does possess a personal "interest" in the subject matter of this case to the extent that he is alleged to have been personally involved in the criminal acts set forth in the petition. That is, after all, the very reason for which Gholson sought and the circuit court ordered appointment of a special prosecutor. Such an interest is not, however, sufficient to confer standing on Downen for the purposes of appealing the orders at issue here. If those orders were to be affirmed, Downen's guilt or innocence of the criminal acts alleged would not be affected. All that would happen is that Downen would not be able to conduct the investigation of those allegations himself. Downen argues that this would constitute an infringement of his lawful prosecutorial discretion as the elected State's Attorney. We disagree. In our view, no State's Attorney can possibly claim a legally cognizable right to investigate his own possible wrongdoing in a criminal case where he, himself, was the intended victim. Accordingly, we must conclude that Downen is without standing to challenge the circuit court's decision to appoint a different attorney to conduct the investigation here.

For the foregoing reasons, we dismiss the appeal.

Appeal dismissed.

KARNS, J., concurs.

JUSTICE WELCH, dissenting:

I disagree with the majority because Alan Downen, acting in his official capacity as State's Attorney of Hamilton County, was at all times, and is in this appeal, representing the interests of Hamilton County, Illinois. Further, Hamilton County was a proper party to intervene in this action in the trial court and is a proper party to bring this appeal.

A State's Attorney is authorized, and required, by statute to "commence and prosecute all actions, suits, indictments and prosecutions, civil and criminal, in the circuit court for his county, in which the people of the State or county may be concerned," and to "defend all actions and proceedings brought against his county, or against any county or State officer, in his official capacity, within his county." (Ill. Rev. Stat. 1985, ch. 14, pars. 5(1), (4).) The State's Attorney has the right to represent the county, and in any action where the county's interests are involved, he is the only officer entitled to represent the county. (*Boghosian v. Mid-City National Bank* (1960), 25 Ill. App. 2d

455, 462, 167 N.E.2d 442, 445.) It is presumed that the State's Attorney, while acting in his official capacity, performs his duties in accordance with the law. (*People ex rel. Hanrahan v. One 1965 Oldsmobile* (1972), 52 Ill. 2d 37, 43, 284 N.E.2d 646, 651, *rev'd on other grounds* (1972), 409 U.S. 38, 34 L. Ed. 2d 47, 93 S. Ct. 30.) Thus, where a State's Attorney acts in his official capacity, it is presumed that he is representing the interests of his county.

In *Southland News Co. v. People* (1986), 143 Ill. App. 3d 971, 493 N.E.2d 398, the State's Attorney of Winnebago County filed a petition with a commission established by the county, alleging that a certain movie theatre had violated certain county ordinances regulating the showing of films. The petition was brought in the name of the People of the State of Illinois rather than in the name of the People of Winnebago County. The movie theatre argued that this rendered the proceedings void. The appellate court held that, because the State's Attorney clearly had authority to bring the action, the caption of the pleading, though technically incorrect, did not require reversal.

In this case, the State's Attorney filed pleadings in the trial court in the name of "Alan C. Downen, State's Attorney of Hamilton County, Illinois." The notice of appeal was filed by "Alan C. Downen, in his official capacity as State's Attorney of Hamilton County, Illinois." It is presumed that the State's Attorney, when acting in his official capacity, is representing the interests of the county. Although perhaps technically incorrect, these pleadings were sufficient to give notice that they were being filed by Hamilton County and that it was the county's interests which were being represented.

Furthermore, Hamilton County is a proper party to this action. In order to be a proper party, one need not be a necessary party, nor need one be interested in all relief requested. (*Lynch v. Devine* (1977), 45 Ill. App. 3d 743, 751, 359 N.E.2d 1137, 1143.) I express no opinion on whether Hamilton County is a necessary party to this action, but find that it is at least a proper party. Hamilton County has a direct and substantial interest in the subject matter of this action, because it will be liable to pay the fees of the special prosecutor. See *People ex rel. Barrett v. Board of Commissioners* (1973), 11 Ill. App. 3d 666, 297 N.E.2d 307; *In re McNulty* (1978), 60 Ill. App. 3d 701, 377 N.E.2d 191.

Thus, Hamilton County was a proper party to intervene in this action in the trial court. (*In re Appointment of Special State's Attorneys* (1976), 42 Ill. App. 3d 176, 179, 356 N.E.2d 195, 197.) Admittedly, Hamilton County, through the State's Attorney, did not file a formal petition for leave to intervene in the trial court. (Ill. Rev. Stat.

1985, ch. 110, par. 2—408(e)). However, such a formal petition is not required where an oral motion to intervene is made, an intervening pleading is filed and the party seeking to intervene will clearly be affected by any judgment entered in the action. (*W. H. Lyman Construction Co. v. Village of Gurnee* (1985), 131 Ill. App. 3d 87, 98, 475 N.E.2d 273, 281.) Here, the State's Attorney filed intervening pleadings upon which a hearing was held. The trial court considered the merits of the pleadings, and ruled upon them, despite opposing counsel's claim that the State's Attorney was not a party to the action. Thus, the trial court proceeded as though a petition to intervene had been presented and granted.

In any event, Hamilton County is a proper party to bring this appeal. Even a nonparty may appeal if it has a direct, immediate and substantial interest in the subject matter of the suit which would be prejudiced by the judgment or benefited by its reversal. (*Marcheschi v. P. I. Corp.* (1980), 84 Ill. App. 3d 873, 878, 405 N.E.2d 1230, 1234.) A nonparty is prejudiced or aggrieved when a legal right has been invaded or a pecuniary interest is directly, not merely indirectly, affected. (*Metropolitan Sanitary District ex rel. O'Keeffe v. Ingram Corp.* (1980), 85 Ill. App. 3d 859, 865, 407 N.E.2d 627, 631, *rev'd on other grounds* (1981), 85 Ill. 2d 458, 426 N.E.2d 860.) As pointed out above, Hamilton County has a direct, immediate and substantial pecuniary interest in the subject matter of this action, as it will be liable for the fees of the special prosecutor. It is therefore a proper party to bring this appeal.

The petition to appoint a special prosecutor was granted by the trial court *ex parte*, without notice to the county. The county's motions to vacate the order and for substitution of judge were summarily denied. Thus, the county was effectively unrepresented in the trial court despite its efforts to be heard.

Because Hamilton County has a direct and substantial interest in whether a special prosecutor is appointed, and because the county was effectively unrepresented in the trial court, I would remand this cause for a full hearing, before a new judge, for a determination as to whether there is sufficient cause, and sufficient conflict of interest on the part of the State's Attorney, to justify the appointment of a special prosecutor.