16 June 1999

No. 2--98--0917

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________

In re
 APPOINTMENT OF A SPECIAL ) Appeal from the Circuit Court

STATE'S ATTORNEY ) of Du Page County.

)

(Gayle M. Franzen, Petitioner, ) No. 97--MR--47

v. Joseph E. Birkett as         )

State's Attorney of the County  )

of Du Page, Respondent; and the )

County Board of the County of   )

Du Page, Respondent-Appellee;   )

William J. Maio, Jr.,           ) Honorable

Petitioner-Appellee; William    ) Ronald L. Pirrello,

E. Jegen, Respondent-Appellant).    ) Judge, Presiding.

_________________________________________________________________

JUSTICE RAPP delivered the opinion of the court:

Respondent William E. Jegen (Jegen or respondent) appeals Judge Ronald L. Pirrello's order terminating his appointment as a special State's Attorney.  Jegen argues on appeal that (1) petitioner William J. Maio, Jr., lacked standing to bring a petition to terminate Jegen as a special State's Attorney; (2) Judge Pirrello lacked jurisdiction to terminate Jegen's appointment; (3) the order entered by Judge Pirrello was void because it was entered in Winnebago County rather than Du Page County; and (4) the order violates principles of separation of powers.  We affirm.

This matter arose out of state criminal prosecutions and federal civil rights actions against seven Du Page County officials (the Du Page 7
) charged with misconduct in the prosecution of Rolando Cruz, Alejandro Hernandez, and Stephen Buckley.

Attorneys for some of the criminal defendants made a demand upon Du Page County State's Attorney Joseph E. Birkett and Du Page County Board Chairman Gail M. Franzen to defend the criminal cases at taxpayers' expense.  On January 28, 1997, Franzen commenced this action as a private citizen by filing a petition for appointment of a special State's Attorney pursuant to section 3--9008 of the Counties Code (55 ILCS 5/3--9008 (West 1996)).  Franzen's petition was signed by Jegen as an attorney and sought the appointment of a special State's Attorney to represent the Du Page County Board for the purpose of giving legal advice and representing the County Board in causes and proceedings relative to whether it should pay for the criminal defense of the Du Page 7
.  The petition alleged, 
inter alia
, that State's Attorney Birkett had a potential conflict of interest because he was defending individual members of the Du Page 7 in the federal civil rights cases.

The chief judge of the Eighteenth Judicial Circuit requested that the case be assigned to a judge from another circuit.  On January 30, 1997, the supreme court assigned Judge Pirrello of the Seventeenth Judicial Circuit, Winnebago County, to hear the case in the Eighteenth Judicial Circuit, Du Page County.

On April 3, 1997, Judge Pirrello found that State's Attorney Birkett had conflicts of interest in representing both the County Board and the individual defendants in the federal lawsuits.  By separate order entered that same day, Judge Pirrello appointed Jegen as a special State's Attorney as follows:

"1.  William E. Jegen is hereby appointed as counsel to advise the DuPage County Board regarding the responsibilities and obligations of the Board as to the appointment of Special State's Attorney to defend the current and former County and State officials *** and to take appropriate action on such matters 
as determined and directed by the Board
.

2.  Pursuant to this appointment, counsel is granted that limited authority under 55 ILCS 5/3-9005 which is necessary to effectuate those duties as set out in paragraph 1 of this Order.

3.  This authority granted to counsel pursuant to this Order shall not include any other duties specifically given the State[']s Attorney under the law nor in any way limit or impinge upon the regular duties of State's Attorney Birkett.

4.  The appointment pursuant to this Order shall commence as of January 28, 1997 and shall terminate upon the counsel's completion of the duties as specified in paragraph 1 as well as the Court's resolution of such matters.

5.  Counsel appointed pursuant to this agreed order shall be compensated pursuant to provisions of 55 ILCS 5/3-9008 and as ordered by this Court.

6.  Nothing herein is to be construed as an admission of any of the parties as to any matter raised or alleged in the pleadings before the Court."  (Emphasis added.)

On April 8, 1997, the County Board adopted Resolution CB--0023--97, stating that it objected to advancing any criminal defense fees for the Du Page 7
.  The resolution directed Jegen to appear in the state criminal proceedings and object to the petitions filed in those proceedings that sought to have counsel for the Du Page 7
 appointed as special State's Attorneys.

Judge William A. Kelly presided over the criminal prosecutions.  On April 9, 1997, Jegen appeared at a hearing before Judge Kelly to object to the appointment of special State's Attorneys to defend the Du Page 7
.  Judge Kelly denied the petitions for appointment of special State's Attorneys but urged the County Board to revisit the question of whether criminal defense fees should be advanced.

The next hearing before Judge Kelly on the criminal defense fee issue was held June 9, 1997.  Judge Kelly expanded upon the comments he had made at the April 9 hearing.  Judge Kelly stated he did not believe that the Du Page 7
 themselves had the right to appointment of counsel at the County's expense.  However, Judge Kelly stated that, if the County Board determined that it was in the best interests of the County to have counsel appointed to represent the Du Page 7
 because of federal civil rights liability that might result from criminal convictions, then he would appoint counsel.

Judge David Coar presides over the federal civil rights cases.  On June 20, 1997, Judge Coar entered an order denying the motion of Franzen, individually and as Chairman of the Du Page County Board, to disqualify State's Attorney Birkett and all of his assistants from representing both Du Page County and the Du Page 7
 in the federal cases.  Franzen asserted that State's Attorney Birkett had a conflict of interest because it would be in the best interests of the individual defendants to prove that their conduct was in the scope of their employment so that their liability, if any, could be passed on to the County.  Du Page County, on the other hand, had an interest in proving that the individual defendants were acting outside the scope of employment in order to avoid the imposition of liability on the County.  Judge Coar denied Franzen's motion because there was no evidence that the Du Page 7
 were acting outside the scope of their employment within the meaning of civil rights law.

On October 10, 1997, the County Board held a meeting at which it discussed adopting Resolution CB--0058--97.  Resolution CB--0058--97 requested that the criminal trial judge "determine whether the county has the authority to pay the criminal defense fees prior to the determination of guilt" and that the court "determine whether it is in the best interests of the County and its taxpayers to pay the criminal defense fees at this time."  This resolution was adopted by the County Board on October 14, 1997.

The minutes of the October 10, 1997, County Board meeting, at which Jegen was present, indicate that the resolution was agreed upon by Board members, State's Attorney Birkett, and Jegen.  It was the understanding of the County Board that Jegen had agreed to present the resolution at a hearing before Judge Kelly without taking any position on the criminal defense fee issue.

On October 20, 1997, the criminal defendants presented a renewed petition for appointment of special State's Attorneys to Judge Kelly in the criminal case.  Jegen appeared for the purpose of objecting to the petition by challenging notice.  Judge Kelly generally continued the petition at the criminal defendants' request.

Thereafter, State's Attorney Birkett petitioned Judge Pirrello to terminate the appointment of Jegen as a special State's Attorney.  Birkett argued that Judge Coar of the federal court found no conflict of interest in his representing both Du Page County and the individual defendants.  Birkett also argued that Jegen exceeded his lawful authority pursuant to the appointment order by appearing before Judge Kelly in the criminal case on October 20, 1997.  On November 25, 1997, Judge Pirrello rendered a memorandum decision that was filed on December 1, 1997.  Judge Pirrello stated in the memorandum opinion that he would not adopt the decision of the federal court on the conflict issue and that Judge Kelly would ultimately decide whether the County Board must pay the legal fees of the Du Page 7
.  Judge Pirrello indicated that he believed Jegen shared that position and for that reason Jegen advised the Board to continue to resist payment of the legal fees.  Judge Pirrello therefore denied Birkett's petition to terminate Jegen's appointment as a special State's Attorney.

On February 10, 1998, the County Board adopted Resolution CB--0020--98, directing that Jegen "cease and desist from performing any further legal work on behalf of the DuPage County Board, the County of DuPage and the People of DuPage County."  This resolution further directed Jegen to appear before Judge Pirrello, advise him of the Board's directive, and "request that Judge Pirrello appoint such other counsel if the court deems it appropriate."

After receiving a copy of Resolution CB--0020--98, Judge Pirrello requested Jegen and Attorney James Sotos, who represents the County in the federal civil rights actions, to submit letter briefs concerning the effect of the resolution.  On April 13, 1998, Judge Pirrello rendered a memorandum decision as follows:

"Thank you for your arguments and opinions on the question of whether or not the Court may change the appointment of the Special State's Attorney in the person of Mr. Jegen.  I have come to the conclusion that the statute involved in this case, 55 ILCS 5/3-9008, must be followed in making changes to the order which is currently entered.  Since there is no petition properly before the Court for the removal of Mr. Jegen, then I believe the Court is without jurisdiction to make such a change.

I do not see any impediment to the filing of such a petition.  I have not explored the issue of who has standing to bring such a petition, but would feel that virtually any of the parties involved from Mr. Birkett to the individual Board members may have such standing, and will consider this question when it properly is before the Court.  I would suggest that a properly circulated order should be sent to the Court by Mr. Jegen."

On April 28, 1998, the County Board adopted Resolution CB--0058--98, resolving to pay the legal fees of the Du Page 7
 and directing that no attorney appear in court to oppose the appointment of special State's Attorneys to represent the Du Page 7.

On May 8, 1998, the criminal defendants renewed their petition for appointment of special State's Attorneys to Judge Kelly in the criminal case.  Jegen again appeared before Judge Kelly and objected to the petition.  Judge Kelly granted the petition over Jegen's objection.

On May 20, 1998, Du Page County Board member William J. Maio, Jr., filed a petition to terminate the appointment of Jegen as a special State's Attorney.  Maio alleged that Jegen advised the Board that it could not pay the criminal defense fees despite Judge Kelly's statements at the April 9, 1997,
 hearing that the Board could pay fees to protect its liability position in the civil rights cases.  Maio also alleged that Jegen failed to inform the Board of Judge Kelly's ruling at the June 9, 1997, hearing that he would appoint defense counsel if requested to do so by the Board.  Maio further alleged that, while Judge Coar had ruled the opposite in the federal cases, Jegen erroneously told the Board that its litigation position in the civil rights cases could not be adversely affected by the outcome of the criminal cases because the acts alleged in the criminal cases were outside the scope of the Du Page 7's employment.  Maio further alleged that Jegen ignored the Board's directives by appearing before Judge Kelly on two occasions to oppose the Du Page 7's
 petition for appointment of special State's Attorneys and by failing to advise Judge Pirrello of the Board's desire to terminate his services.

On May 22, 1998, State's Attorney Birkett filed another petition to terminate the appointment of Jegen as a special State's Attorney.  That petition adopted and incorporated the petition to terminate filed by County Board member Maio.

Maio and John Case, who was then Chairman of the Du Page County Board, appeared at a hearing on May 26, 1998, to present Maio's petition to terminate.  After the hearing, Judge Pirrello granted Maio's petition and commented as follows:

"Thank you.  With the elaborate arguments of counsel and Mr. Case and Mr. Maio I think this is probably the simplest decision that the Court has been called upon to make in adjudicating any issue involved in this case.

Sometime ago the Court responded to the petition of Mr. Franzen as chairman then of the county board of DuPage for its own attorney on the question of whether or not to pay attorneys' fees for the criminal defense of the criminal defendants and former officers of the county of DuPage.

As part of that proceeding, the Court was asked to interpret certain positions taken by Mr. Birkett and the State's Attorney[']s 
Office where it was asked to interpret whether or not there was a conflict with the sitting state's attorney.  I did that.

The board is now unhappy with the services of their attorney, and they are asking this Court to allow them to fire their lawyer.

It's really a pretty simple issue.  Mr. Jegen is saying I should somehow decide that they are not worthy of making the decision to fire their attorney, and I would point out that the clients in this case are made up of a number of politically and I would suggest legally astute and sophisticated voting members of the county board.

It is political and a number of decisions they make will be political in nature, but there's no prohibition against that; and in fact, that's the way it's set up.  And this Court certainly would never consider to take over the role of another branch of the government and tell the county board how they should vote."

Judge Pirrello then denied State's Attorney Birkett's petition to terminate as moot.

Jegen filed his motion to reconsider Judge Pirrello's order terminating his appointment as a special State's Attorney.  Judge Pirrello denied Jegen's motion to reconsider on June 17, 1998.  In denying Jegen's motion to reconsider, and addressing Jegen's argument that Maio lacked standing, Judge Pirrello noted:

"[T]he County Board entered a resolution which stated its position, and Mr. Maio brought that resolution of the County Board[,] which sought to relieve itself of the services of Mr. Jegen, and it was based largely on the resolution of that elected body of representatives[,] that the Court considered its ruling."

During that same hearing, Judge Pirrello considered and denied the petition of Patricia Hicks, a private citizen, to enforce the order appointing Jegen as a special State's Attorney and to vacate the order terminating that appointment, or in the alternative to seek the appointment of a special State's Attorney for the People of Du Page County pursuant to section 3--9008 of the Counties Code.  In denying that petition, Judge Pirrello stated:

"The matter of the petition of Mr. Maio was brought pursuant to a resolution of the County Board as a member of that body.  And there was actually no way for that resolution to get before the Court, because Mr. Jegen didn't see fit to bring it before the Court, because he disagreed with the resolution of the Board.  And the resolution was that he be fired.  They didn't want him anymore.  And I allowed that petition to be heard.

Procedurally, I'm not absolutely certain about that ruling.  But I think, equitably, I'm convinced in my own mind that it was still a proper ruling, proper procedure.  We were without guidance to that procedure as policy."

In denying Hicks's petition, Judge Pirrello stated that he would allow a petition to be brought under another name and case number, filed as a new action.

Jegen timely appealed.  On appeal, he seeks (1) reversal of Judge Pirrello's order terminating his appointment as special State's Attorney; (2) reversal of Judge Pirrello's order denying his motion to reconsider; (3) entry of an order remanding this cause for enforcement of a previous order disqualifying State's Attorney Birkett in this matter; and (4) entry of an order remanding this cause for determination of the reasonableness of the compensation of respondent
, including compensation for costs incurred in pursuing this appeal.

First of all, we must remark upon the brief filed by respondent 
in this case.  His 20-page "Statement of Facts" contains matters that are neither pertinent nor relative to any issues properly before this court.  Moreover, it is replete with improper argument, in direct contravention of Supreme Court Rule 341(e)(6).  177 Ill. 2d R. 341(e)(6).  We admonish respondent
 for failing to comply with the supreme court rules.

The issues presented for review are purely legal in nature, involving only statutory construction and application and do not involve weighing of evidence; thus, the standard of review is 
de novo
.  
Mellon Bank, N.A. v. Midwest Bank & Trust Co.
, 265 Ill. App. 3d 859, 867-68 (1993).

Respondent submits several arguments that Maio lacked standing to bring a petition to terminate him as a special State's Attorney. He argues that Maio could not bring the petition on behalf of the County Board.  He also argues that since Maio was not a party in the case he could not file the petition in his capacity as a Du Page County citizen without first intervening in the case.  He further contends that Maio could only challenge his appointment by bringing a 
quo warranto
 action.

Absent a resolution of the County Board authorizing a Board member to act on behalf of the County, a Board member has no power to act individually to represent the County.  
In re Appointment of Special State's Attorneys
, 42 Ill. App. 3d 176, 179-80 (1976).  In 
In re Appointment of Special State's Attorneys
, the county board deleted the salaries of four part-time assistant State's Attorneys from the county budget.  The State's Attorney filed a petition requesting the court to appoint special State's Attorneys.  A county board member filed a petition to intervene as a private person to protect the county's interest.  The Appellate Court, Third District, held that the trial court was not required to allow him to intervene in the absence of a resolution of the board of supervisors authorizing him to act on behalf of the county.  
In re Appointment of Special State's Attorneys
, 42 Ill. App. 3d at 180. We find 
In re Appointment of Special State's Attorneys
 factually distinguishable from the case at bar.  In 
In re
 
Appointment of Special State's Attorney
, the county board was not a party to the action, had not filed a petition to intervene, and had taken no official action in adopting a resolution to establish its position with regard to the appointment of special State's Attorneys.  Here, the Du Page County Board, duly convened and acting in its official capacity, adopted Resolution CB--0020--98 specifically directing respondent to cease and desist from performing any further legal work on behalf of the County Board and further directing him to appear before Judge Pirrello to advise him of the Board's directive.  Respondent, as the special State's Attorney appointed to represent the County Board and "to take appropriate action on such matters 
as determined and directed by the Board
," (emphasis added) refused to present Resolution CB--0020--98 to Judge Pirrello.  We determine that the County Board clearly and unequivocally expressed its position when it adopted Resolution CB--0020--98 and that Maio, a County Board member, was acting in his capacity as a public officer in presenting the County Board's Resolution to Judge Pirrello.  We hold that, under the unique circumstances of this case, Maio was authorized to act on behalf of the County Board.

Furthermore, we conclude that Maio, as a private citizen, was a proper party to bring a petition to terminate Jegen as a special State's Attorney.  The appointment of a special State's Attorney is controlled by section 3--9008 of the Counties Code.  That section provides, in pertinent part:

"Whenever the State's attorney is sick or absent, or unable to attend, or is interested in any cause or proceeding, civil or criminal, which it is or may be his duty to prosecute or defend, the court in which said cause or proceeding is pending may appoint some competent attorney to prosecute or defend such cause or proceeding, and the attorney so appointed shall have the same power and authority in relation to such cause or proceeding as the State's attorney would have had if present and attending to the same ***. Any attorney appointed for any reason under this Section shall possess all the powers and discharge all the duties of a regularly elected State's attorney under the laws of the State to the extent necessary to fulfill the purpose of such appointment ***."  55 ILCS 5/3--9008 (West 1996).

While section 3--9008 provides the conditions for appointment of a special State's Attorney, it also sets forth the grounds for disqualification.  Respondent concedes in his brief that removal of a special State's Attorney is controlled by section 3--9008.  The statute does not specify the procedure for invoking the court's jurisdiction under section 3--9008.  
In re Petition of McNulty
, 60 Ill. App. 3d 701, 704 (1978).  The court may act on its own motion, upon the filing of a petition by the State's Attorney, or upon the petition of a citizen.  
McNulty
, 60 Ill. App. 3d at 704.  A private citizen petitioning to invoke section 3--9008 need not be a party to the action.  See 
People v. Howarth
, 415 Ill. 499, 513-14 (1953).  "[F]or a meaningful exercise of judicial discretion, the court's attention must in some way be directed to the subject matter requiring a decision."  
Hutchens v. Wade
, 13 Ill. App. 3d 787, 790 (1973).

Pursuant to the procedure suggested by Judge Pirrello and the County Board's Resolution that respondent's
 appointment be terminated, Du Page County Board member Maio
 filed the petition to terminate the appointment of respondent
.  Apparently, Judge Pirrello deduced, as he did when respondent
 filed a petition on behalf of Franzen as a private citizen, that it was appropriate to proceed in this manner.  We have found no case law prohibiting a private citizen from filing a petition to terminate a special State's Attorney.

Although respondent concedes that the removal of a special State's Attorney is controlled by section 3--9008, he asserts that the proper proceeding to terminate his appointment is a 
quo warranto
 action.  The purpose of a 
quo warranto
 action is to question whether a person lawfully holds title to office.  See 
People ex rel. Barrett v. Finnegan
, 378 Ill. 387, 395 (1941).  A 
quo warranto
 action is not a proper proceeding to challenge official conduct or the legality of that conduct.  
People ex rel. Chillicothe Township v. Board of Review of Peoria County
, 19 Ill. 2d 424, 427 (1960).  In this case, the County Board simply desired that respondent be discharged from his duties as a special State's Attorney because of his conduct in refusing to comply with the terms of his appointment.  We find that a 
quo warranto
 action is not a proper proceeding to seek dismissal of a special State's Attorney.

For the foregoing reasons, we hold that Maio had standing to invoke section 3--9008 by petitioning the court to terminate respondent's appointment as a special State's Attorney on behalf of the County Board and as a nonparty, private citizen.

Respondent next argues that Judge Pirrello lacked jurisdiction to terminate his appointment as a special State's Attorney.  He contends that Judge Pirrello lacked jurisdiction to modify or vacate the order appointing him as a special State's Attorney since more than 30 days had elapsed since the entry of that order.  He further argues that Judge Pirrello retained jurisdiction only for the purpose of enforcing the order appointing him as a special State's Attorney and for approving his fees.

"Generally, a court loses jurisdiction to alter or set aside a final judgment after 30 days from its entry."  
Village of Gilberts v. Holiday Park Corp.
, 150 Ill. App. 3d 932, 936 (1986).  However, where the judgment contemplates or orders future performance by the parties, a court may retain jurisdiction to enforce its order after the passing of the 30-day period.  
Brigando v. Republic Steel Corp.
, 180 Ill. App. 3d 1016, 1020 (1989).

Here, Judge Pirrello clearly contemplated future performance when he ordered that the appointment was to last until "counsel's completion of his duties" or "the court's resolution of such matters."  Thus, Judge Pirrello retained jurisdiction to enforce the order.

Moreover, Maio's filing of a petition to terminate Jegen was also a proper method of invoking the court's jurisdiction under section 3--9008.  See 
Howarth
, 415 Ill. at 513.  We therefore hold that the trial court had jurisdiction to terminate respondent's 
appointment as a special State's Attorney.

Respondent next submits that the order terminating his appointment as a special State's Attorney is void because Judge Pirrello was located in Winnebago County when the hearing was held and the court ruled.  He claims that no clerk or sheriff from the Eighteenth Judicial Circuit, Du Page County, was present and thus the order was not entered by any "court."

Respondent cites 
Witter v. County Commissioners of Cook County
, 256 Ill. 616 (1912), for the proposition that in order to constitute a "court" there must be present a judge, who is duly assigned to hear the case, a circuit clerk of the circuit in which the case is pending, and a sheriff.  However, 
Witter
 merely states that a clerk and a sheriff are essential to a court.  
Witter
 does not state that when a judge from one circuit is assigned to hold court in another circuit he cannot use the deputies regularly assigned to him.  There is no indication in the record that a clerk and a sheriff were not present in this case, and respondent offers no record support for this assertion.

In any event
, respondent
 offered no objection to proceeding with the hearing in Winnebago County until after his appointment had been terminated.  The failure to make a timely objection in the trial court constitutes a waiver of any error.  
People ex rel. Barrett v. Board of Commissioners of Cook County
, 11 Ill. App. 3d 666, 668 (1973).  The record indicates that respondent himself had regularly noticed matters for hearing in this case to be heard before Judge Pirrello in his Winnebago County courtroom.  Where the parties consent to holding court in different places, they cannot complain on appeal.  
Patchen v. Patchen
, 364 Ill. 178, 181-82 (1936).

Moreover
, the validity of an order is determined by where it became effective, and the fact that an order is signed by a judge in a county other than where he is presiding over a case does not affect the validity of the judgment.  See 
People ex rel. Schwartz v. Fagerholm
, 17 Ill. 2d 131, 134-38 (1959) (holding that Kane County judgment rendered by the presiding judge in De Kalb County but ultimately filed in Kane County was valid).  We therefore find no merit to respondent's argument that the order terminating his appointment as a special State's Attorney was void because the hearing was held in Winnebago County rather than Du Page County.

Respondent argues that Judge Pirrello's order recognizing the County Board's Resolution CB--0020--98 as an effective discharge of a court-appointed special State's Attorney constitutes an impermissible intrusion on the principles of separation of powers and the duties required of a special State's Attorney in violation of article II, section 1, of the Illinois Constitution (Ill. Const. 1970, art. II, §1)
.  He cites numerous cases for the proposition that a State's Attorney, as an executive officer, has discretion as to how to perform his duties and that neither the County Board, as a legislative branch of government, nor the judiciary may substitute its judgment for the discretion of a special State's Attorney appearing in the cause for which he was appointed.

Respondent's appointment was terminated by Judge Pirrello pursuant to section 3--9008, acting on the County Board's resolution presented by Maio.  The appointment or disqualification of counsel pursuant to section 3--9008 does not involve an attempt on the part of a legislative body or the judiciary to diminish the powers of the State's Attorney or to interfere with his discretion.  See 
Suburban Cook County Regional Office of Education v. Cook County Board
, 282 Ill. App. 3d 560, 570 (1996).  The court's overall supervision of a specially-appointed State's Attorney is not a judicial usurpation of executive discretion and does not constitute a violation of separation of powers.  See 
Tully v. Edgar
, 286 Ill. App. 3d 838, 847 (1997); 
Suburban Cook County Regional Office of Education
, 282 Ill. App. 3d at 575-76.  We find that Judge Pirrello's order was consistent with the judicial branch's role of supervising those attorneys who practice before it, a class that includes specially-appointed State's Attorneys.  See 
Tully
, 286 Ill. App. 3d at 847.

Although
 not set out as a separate issue, throughout respondent's briefs he complains that there were no grounds upon which Judge Pirrello could disqualify him as a special State's Attorney pursuant to section 3--9008.  The decision as to whether one of the disqualifying factors exists under section 3--9008 involves the exercise of the court's discretion.  
McNulty
, 60 Ill. App. 3d at 704.

The authority of a special State's Attorney is strictly limited to the special matter for which he was appointed.  
Lavin v. Board of Commissioners of Cook County
, 245 Ill. 496, 501-02 (1910).  It is proper for a court to disqualify a special State's Attorney as "unable to attend" to his duties when he is unwilling to represent the interests of the County Board.  See 
People ex rel. Narczewski v. Bureau County Merit Comm'n
, 154 Ill. App. 3d 732, 737 (1987) (stating that court could appoint a special State's Attorney when State's Attorney was unwilling to represent the interests of the commission); 
Suburban Cook County Regional Office of Education
, 282 Ill. App. 3d at 575 (holding that application of section 3--9008 is proper when State's Attorney is "unwilling to support" the position of a public body).

Respondent was appointed in this case to "advise" the County Board regarding its "responsibilities and obligations" pertaining to the appointment of special State's Attorneys to represent the Du Page 7.  The order appointing respondent
 as a special State's Attorney expressly limited respondent's authority to act "as determined and directed by the Board."  He was "unable to attend" to his duties as a special State's Attorney because he was unwilling to represent the interests of the County Board.  We find that it was proper for Judge Pirrello to terminate respondent's 
appointment as a special State's Attorney when respondent refused to comply with the terms of his appointment.

Respondent, in his notice of appeal, asks this court for entry of an order remanding this cause for enforcement of a previous order of the trial court disqualifying State's Attorney Birkett in this case and enjoining Birkett from advising or representing the County Board.  In light of the order entered by this court on September 22, 1998, wherein we directed State's Attorney Birkett not to participate in matters prohibited by the trial court's order, we deny as moot respondent's request for entry of an order remanding this case for enforcement of the order disqualifying State's Attorney Birkett.

Respondent, in his notice of appeal, also asks this court for entry of an order remanding this cause for determination of the reasonableness of the compensation of respondent, including compensation for costs incurred in pursuing this appeal.  In his reply brief, he briefly asserts that unless Judge Pirrello's order terminating his appointment is reversed he would have no expectation of receiving compensation for legal work performed after that date on behalf of the County pursuant to his claim of entitlement to the 
de facto
 office of State's Attorney on the criminal defense fee issue.

Although it was not brought to this court's attention by the parties, we note that we lack jurisdiction to consider this issue on appeal because no final and appealable order was entered by the trial court on the question of respondent's
 fees and costs.  In order to preserve an issue for review, an appellant must first obtain either a ruling on the issue or a refusal to rule thereon from the trial court.  See 
Goodrich v. Sprague
, 376 Ill. 80, 86 (1941).  As our supreme court held in 
Goodrich
,

"The office of Appellate Court is to review rulings, orders, or judgments of the court below, contained in the record, and matters not ruled upon by the inferior court are not subject to the consideration of the Appellate Court unless the lower Court's failure to rule is made the subject of an assignment of error, in which case the propriety of such failure is the question presented to the Appellate Court and not the merits of the matter upon which the trial court refuses to act.  In other words, the Appellate Court's jurisdiction is appellate, and extends only to those matters in controversy which have been ruled upon by the trial court."  
Goodrich
, 376 Ill. at 86.

In the absence of any ruling or decision by the trial court on the issue of respondent's compensation or the trial court's refusal to rule on this issue, this issue is not subject to the consideration of this court.  Accordingly, we find it inappropriate to reach the merits of this issue and therefore deny respondent's 
request for the entry of an order remanding this case for determination of the reasonableness of his compensation, including compensation for costs incurred in pursuing this appeal.

For the foregoing reasons, we affirm the order of the circuit court of Du Page County terminating respondent's appointment as a special State's Attorney and the order denying respondent's 
motion to reconsider.  We deny as moot respondent's request for the entry of an order remanding this case for enforcement of the order disqualifying State's Attorney Birkett.

Affirmed.

COLWELL
 and INGLIS, JJ., concur.