SUCCESS NATIONAL BANK, Plaintiff-Appellee, v. SPECIALIST EYE CARE CENTER, S.C., *et al.*, Defendants (Steven R. Friedman *et al.*, Intervenors-Appellants).

Second District    No. 2—98—0218

Opinion filed April 19, 1999.

James J. Babowice and John H. Krackenberger, both of Griffith, Jacobson & Babowice, of Waukegan, for appellants.

Keevan D. Morgan and Rakesh Khanna, both of Morgan & Bley, of Chicago, for appellee.

JUSTICE COLWELL delivered the opinion of the court:

Steven R. and Marci L. Friedman (the Friedmans), parties who petitioned to intervene in this action but never received a ruling on their petition, appeal from the circuit court of Lake County's February 17, 1998, order of clarification. Defendants, The Specialist Eye Care Center, S.C., and Dr. Debra Anne Koloms, are not parties to this appeal.

Plaintiff, Success National Bank, filed a motion to dismiss the Friedmans' appeal, arguing that the Friedmans lack standing to bring this appeal, and we ordered that motion taken with the case. Because the Friedmans lack standing, we dismiss this appeal.

On December 4, 1996, plaintiff filed a complaint against defendants (confession case); defendants confessed judgment (see 735 ILCS 5/2—1301(c) (West 1996)), and the trial court entered a judgment order. Plaintiff had sought $106,866.29 in damages according to the terms of a $100,000 promissory note executed by defendants on December 24, 1995.

Also on December 4, 1996, plaintiff issued summons to confirm the confessed judgment (confirmation proceeding). On December 9, 1996, defendants filed an appearance.

On January 6, 1998, the Friedmans filed a petition to intervene. The Friedmans were purchasers of real estate against which plaintiff claimed to have a judgment lien based on the judgment by confession. Plaintiff foreclosed on that judgment lien in another related matter now on appeal. See *Success National Bank v. Dunne*, Nos. 2—98—0219, 2—98—0220. The trial court never ruled on the Friedmans' petition.

On January 14, 1998, the trial court granted plaintiff's oral motion to voluntarily dismiss the confirmation proceeding against Dr. Debra Anne Koloms. The order provided: "The confirmation proceeding against Dr. Debra Anne Koloms is dismissed with prejudice, as is this cause in general, without prejudice to [plaintiff's] position that all such proceedings have previously been concluded, as argued in 97 CH 677."

On February 13, 1998, plaintiff filed a motion to clarify. On February 17, 1998, the trial court entered an order of clarification clarifying its January 14, 1998, order. The court indicated that it did not intend

to modify or vacate the judgment by confession but rather intended to make clear that the confession case was concluded. As a result, the trial court provided that the clause "as is this case [sic] in general" should read "and this cause in general is fully concluded." On February 19, 1998, the Friedmans filed a notice of appeal appealing the trial court's February 17, 1998, clarification order.

The Friedmans were not original parties to the confession case, and the trial court never made the Friedmans parties to that case. While the Friedmans filed a petition to intervene, the trial court never ruled on that petition, and the law does not recognize intervention by implication (*In re Special Prosecutor*, 164 Ill. App. 3d 183, 187 (1987)). As a result, the Friedmans were not parties when the trial court entered the clarification order. Therefore, the Friedmans come before this court as nonparties. See *In re Special Prosecutor*, 164 Ill. App. 3d at 187 (when State's Attorney was not named as a party and made no formal effort to intervene, he came before the appellate court as a nonparty); see also *Scott v. Great Western Coal & Coke Co.*, 223 Ill. 271, 272-73 (1906) (appellant was not party to suit where appellant filed a petition to intervene but failed to obtain an order granting the petition); *Lake County Forest Preserve District v. First National Bank*, 213 Ill. App. 3d 309, 314 (1991) (school district was not party to appeal because trial court improperly granted leave to intervene).

To have standing to bring an appeal, a nonparty must have a " 'direct, immediate, and substantial interest in the subject matter, which would be prejudiced by the judgment or benefited by its reversal.' " In re Special Prosecutor*, 164 Ill. App. 3d at 187, quoting *Marcheschi v. P.I. Corp.*, 84 Ill. App. 3d 873, 878 (1980). Here, neither the confession case nor the related confirmation proceeding and clarification order adjudicated any direct, immediate, or substantial interests of the Friedmans. The subject matter of the confession case concerned the promissory note between plaintiff and defendants. The Friedmans were not parties to that contract. In addition, the judgment by confession only provided plaintiff with the opportunity to file a judgment lien and seek the foreclosure of that lien. Plaintiff, however, could have elected not to file a judgment lien or seek foreclosure, and, consequently, the Friedmans would never have been affected by the confessed judgment. Therefore, the Friedmans' interest in this case is indirect, contingent, and tenuous. Accordingly, the Friedmans have no standing to appeal from the trial court's clarification order. See *In re Marriage of Perkinson*, 147 Ill. App. 3d 692, 699 (1986) (petition to intervene denied, and party lacked standing to appeal the propriety of a judgment order); see also *Strader v. Board of Education of Community Unit School District No. 1*, 413 Ill. 610, 613-14 (1953)

(taxpayers denied leave to intervene in suit for the distribution of a school district's assets; taxpayers lacked standing to appeal from the trial court's final decree involving the ultimate disposition of the assets).

Based on the foregoing, we dismiss the Friedmans' appeal.

Appeal dismissed.

THOMAS and RAPP, JJ., concur.