2016 IL App (1st) 150465

FOURTH DIVISION
March 17, 2016

1-15-0465

| | | |
|---|---|---|
| MIDFIRST BANK, | ) | |
| | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court |
| | ) | Cook County. |
| v. | ) | |
| | ) | |
| DEVITA McNEAL, Individually, | ) | |
| | ) | 12 CH 23891 |
| Appellant | ) | |
| | ) | |
| (Devita McNeal, as Independent Executor of | ) | Honorable |
| the Estate of Inez E. McNeal, a/k/a Inez Elese | ) | Darryl B. Simko |
| McNeal, Deceased; Unknown Owners; | ) | Judge Presiding. |
| Nonrecord Claimants; and Unknown Occupants, | ) | |
| Defendants). | ) | |

PRESIDING JUSTICE McBRIDE delivered the judgment of the court, with opinion.
Justices Howse and Ellis concurred in the judgment and opinion.

**OPINION**

¶ 1    Inez Elese McNeal purchased a home located in Chicago in 2003, and subsequently passed away in 2008. Her mortgage became delinquent and in 2012, her mortgage lender, MidFirst Bank, filed a complaint to foreclose that mortgage. After Inez Elese McNeal's will was admitted to probate, MidFirst Bank filed an amended complaint, naming her daughter, Devita McNeal (Ms. McNeal), as defendant in her capacity as the executor of her mother's estate. The court entered a judgment of foreclosure, and Ms. McNeal filed several motions to reconsider and to vacate or set aside that judgment, in both her representative capacity, and later, in her individual capacity. Those motions were unsuccessful, and Ms. McNeal appeals, contending that

the foreclosure judgment was void because she was not personally named as a defendant in the proceedings.

¶ 2     The record shows that on January 9, 2003, MidFirst Bank provided a loan to Inez Elese McNeal, who executed a note secured by a mortgage on her property located in Chicago. Inez Elese McNeal passed away on February 18, 2009, and the note fell into default in December 2011. On June 28, 2012, MidFirst Bank filed a complaint in the circuit court of Cook County for foreclosure pursuant to the Illinois Mortgage Foreclosure Law (735 ILCS 5/15-1101 *et seq.* (West 2012)). The complaint named the unknown heirs and/or legatees of Inez Elese McNeal, deceased, as well as unknown owners, nonrecord claimants, and unknown occupants. On July 13, 2012, a notice of foreclosure *lis pendens* was recorded against the property.

¶ 3     On September 26, 2012, MidFirst Bank filed a motion for leave to file an amended complaint and motion to appoint a special representative for the deceased mortgagor. The motions were granted, and on October 25, 2012, MidFirst Bank filed an amended complaint which named Julia Fox as special representative for the estate of Inez Elese McNeal, Sabrina McNeal and Devita McNeal as heirs, and Devita McNeal as Executor of Inez Elese McNeal's will. Ms. McNeal, in her capacity as executor, appeared in open court on October 25, 2012, and was served with summons and the amended complaint on November 3, 2012.

¶ 4     On December 28, 2012, a probate case was filed for the deceased Inez Elese McNeal. Her will was admitted to probate on February 27, 2013, and Ms. McNeal was appointed an independent executor of the estate.

¶ 5     On July 15, 2013, MidFirst Bank filed a second amended complaint, naming Ms. McNeal as the independent executor of the Estate of Inez Elese McNeal, as defendant. Ms. McNeal, in her capacity as executor, filed an answer to the second amended complaint on August 22, 2013.

¶ 6     On November 14, 2013, MidFirst Bank filed a motion for summary judgment and motion for judgment of foreclosure. Ms. McNeal, in her capacity as executor, failed to respond to these motions, and the court granted them on December 5, 2013.

¶ 7     On December 18, 2013, Ms. McNeal, as executor, filed a motion to "set aside default *** judgment of foreclosure" pursuant to section 2-1301 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1301 (West 2012)). The court denied her motion without prejudice on January 7, 2014.

¶ 8     On February 14, 2014, Ms. McNeal, as executor, filed a "Motion to Reconsider Entry of Judgment and to Dismiss Complaint to Foreclose Mortgage." In that motion, Ms. McNeal argued, among other things, that because the property had been left to her in her mother's will, she was a necessary party to the foreclosure proceedings and a "mortgagor" pursuant to the Illinois Mortgage Foreclosure Law. She claimed that MidFirst Bank failed to comply with the requirements to foreclose the mortgage because it had not named her as a party to the proceedings, rendering the foreclosure decree void. The court denied Ms. McNeal's motion on May 23, 2014.

¶ 9     On August 18, 2014, the property was sold pursuant to the terms of the judgment of foreclosure. The "Selling Officer's Report of Sale and Distribution" was filed with the court on September 5, 2014, and on September 25, the court entered an order confirming the sale and granting MidFirst Bank possession of the property as of October 25, 2014.

¶ 10     On October 23, 2014, Ms. McNeal, this time in her individual capacity, filed a motion under section 2-1203 to set aside void judgment of foreclosure. She argued, among other things, that she had an ownership interest in the property which vested on the death of her mother, and that MidFirst Bank's failure to name and serve her rendered the foreclosure decree void. MidFirst Bank responded to Ms. McNeal's motion, and initially challenged her standing to bring the

3

motion because she was not a party to the case and had not sought leave to intervene. Alternatively, MidFirst Bank pointed out that her motion was essentially a second motion to reconsider the judgment of foreclosure, and that her arguments were "virtually identical" to the arguments found in her first motion to reconsider that she filed as executor. MidFirst Bank also alleged that Ms. McNeal was not a necessary party to the foreclosure proceedings, and, because a *lis pendens* had been filed prior to the will being admitted to probate, whatever interest Ms. McNeal acquired in the property was subject to the pending foreclosure.

¶ 11    The trial court held a hearing on Ms. McNeal's motion on January 12, 2015. After oral argument, the court stated that it was "certainly a problem that Miss McNeal never actually sought to intervene in the case," but that the "larger problem" was that "the lis pendens was filed and the case proceeded" before Ms. McNeal gained an interest in the real estate. The court denied the motion, and Ms. McNeal, individually, now appeals, contending in this court that the judgment of foreclosure is void because she was a "known heir" but was not named as a defendant.

¶ 12    As an initial matter, MidFirst Bank maintains that this court lacks jurisdiction over this appeal because Ms. McNeal was not a party to the foreclosure proceedings and she lacks standing to bring this appeal. As an appellate court, we have the duty to consider our jurisdiction to decide an appeal, and to dismiss the appeal if we find that jurisdiction is lacking. *Brentine v. DaimlerChrysler Corp.*, 356 Ill. App. 3d 760, 765 (2005)*; Pestka v. Town of Fort Sheridan Co.*, 371 Ill. App. 3d 286, 292 (2007).

¶ 13    In arguing that this court lacks jurisdiction, MidFirst Bank points out that Ms. McNeal, individually, was not a party to the underlying foreclosure case, and she never sought leave to intervene in the trial court in her individual capacity. In arguing that this court lacks jurisdiction,

MidFirst Bank cites *Success National Bank v. Specialist Eye Care Center, S.C.*, 304 Ill. App. 3d 74, 76 (1999), in which the Second District dismissed an appeal based on the appellant's lack of standing to bring it. Ms. McNeal does not contest MidFirst Bank's contention that she was a nonparty in the trial court, and provides no authority to show that she had standing to file motions in the court below.

¶ 14    Generally, a person who is not made a party need not and cannot appear in an action unless the appearance is acquiesced in by the plaintiff, or unless the third person makes himself or herself a party by some recognized form of proceeding. 6 C.J.S. *Appearances* § 5 (2015); *City of Chicago v. Chatham Bank of Chicago*, 54 Ill. App. 2d 405, 419 (1964). Likewise, as a general matter, only parties may bring motions in respect to pleadings. See *Conley v. Rust*, 12 Ill. App. 3d 26, 29 (1973); *Shanklin v. Hutzler*, 294 Ill. App. 3d 659, 665-66 (1997); *Jackson v. Pioletti*, 346 Ill. App. 569, 573 (1952). Ms. McNeal, however, was not a party to the foreclosure proceedings and she never sought leave to intervene in the proceedings.

¶ 15    There are specific procedures in place for a nonparty who wishes to intervene in a proceeding, and Illinois does not recognize intervention by implication. *In re Special Prosecutor,* 164 Ill. App. 3d 183, 187 (1987). The general rule for intervention is found in section 2-408 of the Code, which allows, in certain circumstances, nonparties to intervene in proceedings. 735 ILCS 5/2-408 (West 2012). The statute recognizes that intervention may be either permissive or of right, but in either circumstance, a timely application to intervene must be made. *Id.*; *Feiertag v. Reichmann*, 21 Ill. App. 2d 215, 217 (1959). Specifically in the foreclosure context, section 15-1501 allows for a nonparty to intervene in foreclosure proceedings, either by right or in the court's discretion, depending on the circumstances, up until the time that an order confirming the sale is entered. 735 ILCS 5/15-1501 (West 2012).

¶ 16    In this case, Ms. McNeal did not make any attempt to engage in the standard intervention methods. Ms. McNeal had actual notice of the foreclosure, was a party to the lawsuit as the independent executor of the estate of Inez Elese McNeal, and first appeared in court on October 25, 2012. As the executor of her mother's estate, Ms. McNeal had been fully able to represent her own interest as an heir to the property. Indeed, Ms. McNeal did so, by filing an answer and motions to reconsider the foreclosure judgment and dismiss the complaint in her representative capacity. The judgment of foreclosure was entered on December 5, 2013, the property was sold on August 18, 2014, and the order confirming the sale was entered on September 25, 2014. It was only after the order confirming the sale was entered when Ms. McNeal, individually, moved to set aside the foreclosure judgment on October 23, 2014. In that motion, Ms. McNeal attempted to get a second bite of the proverbial apple by raising substantially the same arguments as she had previously raised as the executor. Ms. McNeal, individually, however, was not a party to the foreclosure proceedings, and she made no attempt to intervene in the proceedings. Moreover, at the time she brought the motion in her individual capacity, she was beyond the time frame during which a timely intervention could have been made. See *id.*

¶ 17    As MidFirst Bank points out, Ms. McNeal likely attempted to circumvent the standard procedures for intervention because, had she actually intervened, the prior judgment would have applied to her though the application of section 15-1501(e) (735 ILCS 5/15-1501(e) (West 2012). Specifically, seeking leave to intervene would have subjected Ms. McNeal to the following two rules: an intervening party "shall be deemed a party from the commencement of the foreclosure, and the interest of such party in the real estate shall be subject to all orders and judgments entered in the foreclosure" (735 ILCS 5/15-1501(e)(3) (West 2012)), and "the interest of any person who is allowed to appear and become a party shall be terminated, and the interest of such

party in the real estate shall attach to the proceeds of the sale" (735 ILCS 5/15-1501(e)(4) (West 2012)). Instead, Ms. McNeal simply filed a motion in her individual capacity, when she was not a party to the proceedings. Such practice is not proper, and cannot be condoned.

¶ 18    Although the trial court noted that Ms. McNeal's status as a nonparty may have been "a problem," it disposed of her motion without considering its authority to do so. See *In re Special Prosecutor*, 164 Ill. App. 3d 183, 187 (1987). The court erred in doing so, as it in fact had no authority to consider Ms. McNeal's motion. *Id*.

¶ 19    Ms. McNeal comes before this court as a nonparty as well. See *id* (when State's Attorney was not named as a party and made no formal effort to intervene, he came before the appellate court as a nonparty); see also *Scott v. Great Western Coal & Coke Co.,* 223 Ill. 271, 272-73 (1906) (appellant was not party to suit where appellant filed a petition to intervene but failed to obtain an order granting the petition). In general, a nonparty does not have standing to appeal from a judgment in the trial court. *Stone v. Baldwin*, 414 Ill. 257, 262 (1953) ("an appeal by a person not a party to the record is unauthorized and void"); see also *Marino v. Ortiz*, 484 U.S. 301, 304 (1988) ("The rule that only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment, is well settled." (Citations omitted)). However, our courts have recognized certain limited situations in which a nonparty may appeal from a judgment. Specifically, to have standing to bring an appeal, a nonparty must have a "direct, immediate, and substantial interest in the subject matter, which would be prejudiced by the judgment or benefitted by its reversal." (internal quotation marks omitted.) *Success National Bank*, 304 Ill. App. 3d at 76*; In re Special Prosecutor,* 164 Ill. App. 3d at 187. Ms. McNeal agrees that she is a nonparty in this appeal, but contends that as a nonparty, she has standing to bring this appeal because she "has an interest in the subject property" as it was "bequeathed to her by her mother"

and she "has been residing in the property." MidFirst Bank, however, points out that the estate of Inez Elese McNeal was never administered and completed, arguing that her interest "as a potential heir is indirect, contingent, and tenuous."

¶ 20    Regardless of whether Ms. McNeal has standing to appeal in her individual capacity, her standing, or lack thereof, is not the dispositive issue on appeal. See *Lebron v. Gottlieb Memorial Hospital*, 237 Ill. 2d 217, 252 (2010); *Greer v. Illinois Housing Development Authority*, 122 Ill. 2d 462, 494 (1988) (holding that standing in Illinois is not a bar to jurisdiction). As stated previously, as an appellate court, we have the duty to consider our jurisdiction to decide an appeal, and to dismiss the appeal if we find that jurisdiction is lacking. *Brentine*, 356 Ill. App. 3d at 765; *Pestka*, 371 Ill. App. 3d at 292. Ultimately, we agree with MidFirst Bank that this court lacks jurisdiction to hear this case, but for a different reason. We lack jurisdiction over this appeal because the order from which Ms. McNeal appeals was not a final judgment, and Ms. McNeal has provided no alternative basis which would allow this court to exercise jurisdiction over her appeal.

¶ 21    In her jurisdictional statement, Ms. McNeal claims that this court's jurisdiction is based on article VI, section 6 of the Illinois Constitution (Ill. Const. 1970, art. I, § 6), and Illinois Supreme Court Rules 304(a) and 304(b) (eff. Feb. 26, 2010). We find nothing in either the Illinois Constitution or Rule 304 which would allow this court to exercise jurisdiction over this appeal.

¶ 22    Pursuant to article VI, section 6 of the Illinois Constitution, this court's jurisdiction encompasses final judgments, orders, or decrees.  Ill. Const. 1970, art. VI, § 6. This court, however, is without jurisdiction to review judgments, orders or decrees which are not final,

except as provided by supreme court rule. *Id*.; *Almgren v. Rush-Presbyterian-St. Luke's Medical Center,* 162 Ill. 2d 205, 210 (1994).

¶ 23 A judgment or order is final and appealable if it terminates the litigation between the parties on the merits, and sets, fixes, or disposes of the rights of the parties, whether upon the entire controversy or upon some definite and separate part thereof, so that if the judgment or order is affirmed, the trial court need only execute it. *In re A.H.,* 207 Ill. 2d 590, 594 (2003); *Kellerman v. Crowe,* 119 Ill. 2d 111, 115 (1987). " 'The ultimate question to be decided in each case is whether the judgment fully and finally disposes of the rights of the parties to the cause so that no material controverted issue remains to be determined.' " *Wilkey v. Illinois Racing Board,* 96 Ill. 2d 245, 249 (1983) (quoting *Cory Corp. v. Fitzgerald,* 403 Ill. 409, 415 (1949)).

¶ 24 In this case, Ms. McNeal individually was not a party to the foreclosure proceedings. There was no controversy, lawsuit or litigation between her and MidFirst Bank, and the court's denial of Ms. McNeal's section 2-1203 motion did not terminate any litigation between the parties on the merits or dispose of the rights of the parties. The ruling could do nothing to fix or dispose of the rights of the parties. Instead, Ms. McNeal's motion amounted to a nullity: this is simply a case of a nonparty coming before the court and improperly filing a motion without intervening in the proceedings. The fact that the trial court ruled on that motion cannot turn that order into a final appealable judgment. Because the order denying Ms. McNeal's motion lacks all the necessary prerequisites of a final judgment, it is not appealable and this court lacks jurisdiction over it. Ill. Const. 1970, art. VI, § 6; Ill. S. Ct. R. 301 (eff. Feb. 1, 1994).

¶ 25 Ms. McNeal's alternative theories of jurisdiction under Supreme Court Rules 304(a) and 304(b) fare no better. Supreme Court Rule 304(a) provides that, in an action involving multiple claims for relief, "an appeal may be taken from a final judgment as to one or more but fewer than

all of the *** claims only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both." Ill. S. Ct. R. 304(a) (eff. Feb. 26, 2010). In other words, Supreme Court Rule 304(a) allows interlocutory appeals in cases when the trial court expressly certifies an issue for appellate review. Ms. McNeal has made no claim that a Rule 304(a) certification exists, and our review of the record discloses no such certification. Moreover, even if such certification did exist, the order from which Ms. McNeal attempts to appeal was not final, and the trial court in fact could not have entered a Rule 304(a) finding in this case. While Rule 304(a) permits appeals from orders which do not dispose of an entire proceeding, the mere inclusion of Rule 304(a) language cannot make a nonfinal order final and appealable. *Blott v. Hanson*, 283 Ill. App. 3d 656, 660 (1996) (a Rule 304(a) finding does not make a nonfinal order appealable, rather it makes a final order appealable despite pending other claims or parties); *Viirre v. Zayre Stores, Inc.*, 212 Ill. App. 3d 505, 511 (1991) (entering Rule 304(a) language does not make an order final and appealable if the order was not in fact final).

¶ 26 Ms. McNeal also cites Supreme Court Rule 304(b) as providing this court with jurisdiction over her appeal. That rule provides:

"The following judgments and orders are appealable without the

finding required for appeals under paragraph (a) of this rule:

(1) A judgment or order entered in the administration of an

estate, guardianship, or similar proceeding which finally

determines a right or status of a party.

(2) A judgment or order entered in the administration of a

receivership, rehabilitation, liquidation, or other similar proceeding

10

which finally determines a right or status of a party and which is not appealable under Rule 307(a).

(3) A judgment or order granting or denying any of the relief prayed in a petition under section 2-1401 of the Code of Civil Procedure.

(4) A final judgment or order entered in a proceeding under section 2-1402 of the Code of Civil Procedure.

(5) An order finding a person or entity in contempt of court which imposes a monetary or other penalty.

(6) A custody judgment entered pursuant to the Illinois Marriage and Dissolution of Marriage Act (750 ILCS 5/101 *et seq.*) or section 14 of the Illinois Parentage Act of 1984 (750 ILCS 45/14); or a modification of custody entered pursuant to section 610 of the Illinois Marriage and Dissolution of Marriage Act (750 ILCS 5/610) or section 16 of the Illinois Parentage Act of 1984 (750 ILCS 45/16)." Ill. S. Ct. R. 304(b) (eff. Feb. 26, 2010).

¶ 27    Ms. McNeal does not indicate which Rule 304(b) subsection applies to her case, or indicate how it is applicable. We can glean no relevance or applicability of any subsection to the case at bar. We thus have no jurisdiction over this appeal and must dismiss it.

¶ 28    Finally, to the extent that Ms. McNeal claims to be appealing from a final order entered between MidFirst Bank and her mother's estate, *i.e.*, the order confirming sale (see *EMC Mortgage Corp. v. Kemp*, 2012 IL 113419, ¶ 11), this appeal must also be dismissed because her

notice of appeal from that order was untimely. An untimely notice of appeal does not vest jurisdiction in this court. *E.g., McCorry v. Gooneratne*, 332 Ill. App. 3d 935, 939 (2002).

¶ 29    Supreme Court Rule 303 mandates that a notice of appeal must be filed within 30 days of a final order, unless a "timely posttrial motion directed against the judgment is filed." Ill. S. Ct. R. 303(a)(1) (eff. May 30, 2008). In that event, the notice of appeal is due "within 30 days after the entry of the order disposing of the last pending postjudgment motion directed against that judgment or order." *Id.*

¶ 30    The only final order or judgment in this case was the order confirming sale, which was entered on September 25, 2014. See *EMC Mortgage Corp. v. Kemp*, 2012 IL 113419, ¶ 11 ("[I]t is the order confirming the sale, rather than the judgment of foreclosure, that operates as the final and appealable order in a foreclosure case."). We flatly reject any suggestion that Ms. McNeal's section 2-1203 motion, filed on October 23, 2014, and eventually denied on January 12, 2015, was a timely posttrial motion which would toll the time period so that a notice of appeal was not due until 30 days from the denial of her motion.

¶ 31    Ms. McNeal claimed to file her motion under section 2-1203 of the Code (735 ILCS 5/2-1203 (West 2012)), which provides that "[i]n all cases tried without a jury, *any party* may, within 30 days after the entry of the judgment *** file a motion for a rehearing, or a retrial, or modification of the judgment or to vacate the judgment or for other relief." (Emphasis added.) *Id.* Although a motion filed pursuant to section 2-1203 would generally qualify as a postjudgment motion under Rule 303 (*Marsh v. Evangelical Covenant Church of Hinsdale,* 138 Ill. 2d 458, 461 (1990) (holding that for a motion in a nonjury case to qualify as a posttrial motion within the meaning of Rule 303(a)(1), "one or more of the types of relief specified in section 2-1203 [of the Code (Ill. Rev. Stat. 1987, ch. 110, ¶ 2-1203)] must be specifically requested")), by its express

terms, section 2-1203 applies only to parties, and does not allow nonparties to move for postjudgment relief. *Id.* As stated previously, the motion Ms. McNeal filed individually was a nullity. It was not a proper postjudgment motion which would extend the time period for filing a notice of appeal to 30 days after the order disposing of it. Although we recognize that Ms. McNeal filed a notice of appeal within 30 days of the denial of her motion, her erroneous filing of the motion did not extend the time frame for appealing. Instead, a notice of appeal from the order confirming the sale was due on October 25, 2014—30 days after it was entered. Ms. McNeal, however, did not file a notice of appeal until February 10, 2015. That notice of appeal was untimely and does not vest this court with jurisdiction over this appeal.

¶ 32    For the reasons stated, we dismiss appellant's appeal for lack of jurisdiction.

¶ 33    Appeal dismissed.