Rule 23 order filed
October 13, 2016;
Motion to publish granted
November 22, 2016.

2016 IL App (5th) 150517

NO. 5-15-0517

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT
_____

| | | |
|---|---|---|
| *In re* APPLICATION FOR A TAX DEED | ) | Appeal from the |
| | ) | Circuit Court of |
| (Opal Castleman, Petitioner; Jerry Jean, | ) | Washington County. |
| Stewart Producers, Inc., Washington County Clerk, | ) | |
| Evelyn M. Fair, Unknown Owners or Parties | ) | |
| Interested, and Non-Record Claimants, Respondents; | ) | No. 14-TX-11 |
| SI Resources, LLC, Section 2-1203 Petitioner- | ) | |
| Appellant; William Groome, Intervenor-Appellee.) | ) | Honorable |
| | ) | Daniel J. Emge, |
| | ) | Judge, presiding. |

_____

JUSTICE MOORE delivered the judgment of the court, with opinion.
Presiding Justice Schwarm and Justice Goldenhersh concurred in the judgment and opinion.

**OPINION**

¶ 1    SI Resources, LLC, appeals the November 16, 2015, order of the circuit court of Washington County which granted the intervenor, William Groome's, motion to dismiss, pursuant to section 2-619 of the Code of Civil Procedure (the Code) (735 ILCS 5/2-619 (West 2014)), SI Resources' petition to vacate, pursuant to section 2-1203 of the Code (735 ILCS 5/2-1203 (West 2014)), the circuit court's previous order directing the issuance of a tax deed to the petitioner, Opal Castleman. For the following reasons, we dismiss this appeal for a lack of jurisdiction.

1

¶ 2                              FACTS

¶ 3     On September 19, 2014, Castleman filed a *pro se* petition for tax deed in the circuit court of Washington County, naming the following respondents: Jerry Jean, Stewart Producers, Inc., Washington County Clerk, Evelyn M. Fair, unknown owners or interested parties, and non-record claimants. The petition alleged that Castleman had purchased the delinquent real estate taxes with respect to all oil, gas, and other mineral rights related to parcel number 07-72-23-000-052-00, located in Washington County. According to the petition and the attachments thereto, the redemption period for these mineral rights expired on February 25, 2015. The circuit court issued an order directing the issuance of the tax deed on March 4, 2015.

¶ 4     On April 2, 2015, SI Resources filed a petition, pursuant to section 2-1203 of the Code (735 ILCS 5/2-1203 (West 2014)), to vacate the March 4, 2015, order directing the issuance of a tax deed. According to the petition and exhibits attached thereto, SI Resources purchased the mineral rights to the subject real estate from Jean via quit claim deed on March 27, 2015. The petition alleged that the order directing the issuance of a tax deed must be vacated because Castleman failed to strictly comply with the mandatory notice, service, and diligence requirements set forth in sections 22-5 through 22-40 of the Property Tax Code. 35 ILCS 200/22-5 to 22-40 (West 2014).

¶ 5     On July 1, 2015, Groome filed a motion to intervene in the litigation, alleging that he obtained a quit claim deed to the mineral rights in the subject property from Castleman, and the circuit court granted the motion to intervene that same date. On September 10, 2015, Groome filed a motion, pursuant to section 2-619 of the Code (735

2

ILCS 5/2-619 (West 2014)), to dismiss SI Resources' petition to vacate the order directing the issuance of a tax deed. On November 16, 2015, the circuit court entered an order granting the motion to dismiss. SI Resources filed a notice of appeal on November 24, 2015.

¶ 6                                   ANALYSIS

¶ 7     "As an appellate court, we have the duty to consider our jurisdiction to decide an appeal and to dismiss the appeal if we find that jurisdiction is lacking." *MidFirst Bank v. McNeal*, 2016 IL App (1st) 150465, ¶ 12.  In this case, SI Resources was not a party to the proceedings resulting in the circuit court's order directing the issuance of the tax deed on March 4, 2015, having no interest in the subject property during the pendency of those proceedings.  On April 2, 2015, without seeking leave to intervene using the procedures set forth in section 2-408 of the Code (735 ILCS 5/2-408 (West 2014)), SI Resources filed a postjudgment motion to vacate the order directing the issuance of the tax deed pursuant to section 2-1203 of the Code.  735 ILCS 5/2-1203 (West 2014).[1]  Section 2-1203 provides that:

---

[1]We note that although section 22-30 of the Property Tax Code (35 ILCS 200/22-30 (West 2014)) provides that any person who has an ownership interest in the subject property may appear in the proceeding, it is section 2-408 of the Code (735 ILCS 5/2-408 (West 2014)) which provides the procedural basis for doing so.  See *In re Petition for Annexation of Unincorporated Territory to the Village of Palatine*, 234 Ill. App. 3d 927, 929 (1992).  Here, SI Resources never petitioned the circuit court to intervene.

3

"[i]n all cases tried without a jury, *any party* may, within 30 days after the entry of the judgment *** file a motion for a rehearing, or a retrial, or modification of the judgment or to vacate the judgment of for other relief."  (Emphasis added.)  735 ILCS 5/2-1203(a) (West 2014).

¶ 8        Illinois Supreme Court Rule 303 (eff. Jan. 1, 2015) requires that a notice of appeal must be filed within 30 days of a final order, unless a "timely posttrial motion directed against the judgment is filed."  Here, SI Resources filed a motion to vacate the judgment within 30 days.  However, by its express terms, section 2-1203 applies only to parties and does not allow nonparties to move for postjudgment relief.  *MidFirst Bank*, 2016 IL App (1st) 150465, ¶ 31.  Accordingly, SI Resources' section 2-1203 motion was a nullity and was not a proper postjudgment motion which would extend the time period for filing a notice of appeal to 30 days after the order disposing of it.  *Id.*  Although SI Resources filed a notice of appeal within 30 days of the dismissal of its section 2-1203 motion to vacate, its erroneous filing of the motion did not extend the 30-day time period for appealing the March 4, 2015, order directing the issuance of the tax deed.  *Id.*  No proper postjudgment motion having been filed, the order became final 30 days after it was entered.  *Id.*  Accordingly, the November 24, 2015, notice of appeal was untimely and does not vest this court with jurisdiction over this appeal.  *Id.*

---

Additionally, leave to intervene must be sought during the pendency of the suit, rather than postjudgment.  *Id.* at 931 (citing *In re Estate of Reemts*, 383 Ill. 447 (1943)).

4

¶ 9                                 CONCLUSION

¶ 10    For the foregoing reasons, we dismiss this appeal for a lack of jurisdiction.


¶ 11    Appeal dismissed.

2016 IL App (5th) 150517

NO. 5-15-0517

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| *In re* APPLICATION FOR A TAX DEED | ) | Appeal from the |
| | ) | Circuit Court of |
| (Opal Castleman, Petitioner; Jerry Jean, Stewart Producers, | ) | Washington County. |
| Inc., Washington County Clerk, Evelyn M. Fair, Unknown | ) | |
| Owners or Parties Interested, and Non-Record Claimants, | ) | No. 14-TX-11 |
| Respondents; SI Resources, LLC, Section 2-1203 Petitioner- | ) | |
| Appellant; William Groome, Intervenor-Appellee.) | ) | Honorable |
| | ) | Daniel J. Emge, |
| | ) | Judge, presiding. |

_____

**Rule 23 Order Filed:**      October 13, 2016
**Motion to Publish Granted:**      November 22, 2016
**Opinion Filed:**      November 22, 2016

_____

**Justices:**      Honorable James R. Moore, J.

             Honorable S. Gene Schwarm, P.J., and
             Honorable Richard P. Goldenhersh, J.,
             Concur

_____

**Attorneys**      Mindy S. Salyer, Amanda L. Moressi, Brittney B. Rykovich, Salyer Law Offices, LLC,
**for**      33 N. Dearborn Street, Suite 1505, Chicago, IL 60602
**Appellant**

_____

**Attorney**      Paul T. Slocomb, Hoffman & Slocomb, LLC, 1115 Locust Street, 4th Floor, St. Louis,
**for**      MO 63101
**Appellee**

_____