2020 IL App (1st) 192365-U

No. 1-19-2365

SIXTH DIVISION
May 29, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

---

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

---

| | | |
|---|---|---|
| CARLOS FISHER, | ) | Appeal from the |
| | ) | Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | 2016 L 011794 |
| | ) | |
| DETECTIVE OSTROWSKI #977, | ) | Honorable Thomas J. Lipscomb, |
| Individually, and the VILLAGE OF HARVEY, | ) | Judge, Presiding. |
| a municipal corporation, | ) | |
| | ) | |
| Defendants-Appellants. | ) | |

---

JUSTICE CONNORS delivered the judgment of the court.
Presiding Justice Mikva and Justice Harris concurred in the judgment and opinion.

**ORDER**

¶ 1   *Held:*   The appeal is dismissed for lack of jurisdiction because defendants did not file a timely petition under Illinois Supreme Court Rule 306(a) (eff. Oct. 1, 2019).

¶ 2   Defendants, Detective Thomas Ostrowski and the Village of Harvey, appeal from the trial court's order granting plaintiff Carlos Fisher's motion for a new trial based on improper comments defendants' counsel made at trial during opening and closing statements. Defendants contend that the trial court abused its discretion when it granted plaintiff's motion for a new trial because plaintiff failed to properly preserve his challenge and expressly waived his request for a

new trial. Defendants also argue that the challenged comments did not prejudice plaintiff and that plaintiff had a fair trial.

¶ 3     We conclude that we do not have jurisdiction to review the trial court's order granting plaintiff's motion for a new trial because defendants did not file a petition with this court under Illinois Supreme Court Rule 306 (eff. Oct. 1, 2019).

¶ 4                                      I. Background

¶ 5     In 2017, plaintiff filed a complaint against defendants alleging malicious prosecution and requesting an award of punitive damages. The complaint was based on an incident that took place in 2012 in which Ostrowski arrested plaintiff after executing a search warrant at a house where plaintiff had been present but did not own. Plaintiff was charged with unlawful possession of a weapon and was subsequently found not guilty after a jury trial.

¶ 6     In 2019, plaintiff's complaint for malicious prosecution against defendants proceeded to a jury trial. The jury found in favor of defendants and against plaintiff. Thereafter, plaintiff filed a motion for a new trial based on comments defendants' counsel made during opening and closing statements regarding plaintiff's previous conviction in 2011 for possession of heroin. The motion was also based on other statements related to plaintiff and heroin that defendants' counsel made during arguments, including that there was heroin "all over" the house when plaintiff was arrested, and that plaintiff's financial trouble was caused by heroin. Plaintiff argued that there was no evidence that the police recovered heroin from the house in which he was arrested and counsel's various comments about heroin and his previous heroin conviction were deliberate and substantially prejudiced him.

¶ 7     On November 5, 2019, the trial court granted plaintiff's motion for a new trial, finding that counsel's remarks were improper and extremely prejudicial. The written order stated

that "[t]his is a final and appealable order pursuant to Supreme Court Rule 304(a)." On November 20, 2019, defendants filed their notice of appeal from the November 5, 2019, judgment. The notice of appeal stated that defendants requested reversal of the November 5, 2019, order granting plaintiff's motion for a new trial.

¶ 8        In this court, on December 12, 2019, plaintiff filed a motion to "immediately" dismiss defendants' appeal for failure to file a petition under Rule 306(a)(1). On December 19, 2019, defendants filed a response to plaintiff's motion, arguing that the court's November 5, 2019, order contained language under Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016) and that, therefore, this court had jurisdiction under Rule 304(a). In the alternative, defendants stated that if this court found that it did not have jurisdiction under Rule 304(a), then defendants requested leave to file a petition under Rule 306.

¶ 9        On December 23, 2019, this court denied plaintiff's motion to dismiss defendants' appeal for defendants' failure to comply with Rule 306(a)(1). This court's order did not contain a reason for the denial or refer to defendants' alternative request to file a petition under Rule 306.

¶ 10                              II. Analysis

¶ 11        Plaintiff contends that we do not have jurisdiction because defendants failed to file a petition under Illinois Supreme Court Rule 306 (eff. Oct. 1, 2019). Defendants assert that we have jurisdiction under Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016).

¶ 12        We have an independent duty to review our jurisdiction over an appeal. *Smolinski v. Vojta*, 363 Ill. App. 3d 752, 754 (2006). As an appellate court, we must dismiss an appeal if we do not have jurisdiction. *Bell v. Hill*, 271 Ill. App. 3d 224, 227 (1995).

¶ 13        We do not have jurisdiction to review judgments or orders that are not final "except as specifically provided in the supreme court rules." *In re Marriage of Kostusik*, 361 Ill. App. 3d

103, 108 (2005). An order is considered "final and appealable when it terminates the litigation between the parties on the merits or disposes of the rights of all the parties in regard to the entire controversy or some definite part thereof." *In re Petition to Incorporate Village of Greenwood*, 275 Ill. App. 3d 465, 470 (1995).

¶ 14 Here, defendants are appealing from the trial court's November 5, 2019, order granting plaintiff a new trial. An order granting a new trial "does not settle the merits of the case, terminate the litigation between the parties, or relieve the court of its subject matter jurisdiction." *Winters v. Kline*, 344 Ill. App. 3d 919, 928 (2003). Thus, a trial court's order granting a new trial following the filing of a posttrial motion is not a final judgment. *Winters*, 344 Ill. App. 3d at 928.

¶ 15 However, we may review interlocutory orders if "the order appealed from comes within one of the exceptions for interlocutory orders set forth in the supreme court rules." *Village of Sugar Grove v. Rich*, 347 Ill. App. 3d 689, 693 (2004). Rule 306(a), which is entitled "Interlocutory Appeals by Permission," allows parties to appeal from certain interlocutory orders. Ill S. Ct. R. 306(a) (eff. Oct. 1, 2019). Under Rule 306(a)(1), parties may petition for leave to appeal to the appellate court from an order of the trial court granting a new trial. Ill. S. Ct. R. 306(a) (eff. Oct. 1, 2019). Rule 306 "provides the exclusive means of reviewing the grant of a new trial." *In re Marriage of Clark,* 232 Ill. App. 3d 342, 346 (1992).

¶ 16 Rule 306(c) sets forth the procedure for filing a petition under Rule 306(a)(1). Ill. S. Ct. R. 306(c) (eff. Oct. 1, 2019). Rule 306(c) states that "[t]he petition shall contain a statement of the facts of the case, supported by reference to the supporting record, and of the grounds for the appeal." *Id.* Rule 306(c) further provides that the petition must be filed in the appellate court within 30 days after the entry of the trial court's order. *Id.*

¶ 17    Here, defendants never filed with this court a Rule 306 petition for leave to appeal from the trial court's November 5, 2019, order granting plaintiff a new trial. Thus, we do not have jurisdiction over this appeal.

¶ 18    Defendants nevertheless assert that we may review the appeal under Rule 304(a) because the trial court's November 5, 2019, order contains Rule 304(a) language. The order stated that "[t]his is a final and appealable order pursuant to Supreme Court Rule 304(a)." We disagree that Rule 304(a) permits this appeal.

¶ 19    "Rule 304(a) governs appeals from *final* judgments that do not dispose of the entire proceeding in matters where there are multiple parties or claims." (Emphasis added.) *Ely v. Pivar*, 2018 IL App (1st) 170626, ¶ 30. Rule 304(a) "permits an appeal to be taken before the final disposition of the case only where the circuit court considers immediate appeal appropriate." *Id*. Thus, Rule 304(a) "allows interlocutory appeals in cases when the trial court expressly certifies an issue for appellate review." *MidFirst Bank v. McNeal*, 2016 IL App (1st) 150465, ¶ 25.

¶ 20    Here, as noted above, the trial court included Rule 304(a) language on its November 5, 2019, order. However, "the mere inclusion of Rule 304(a) language cannot make a nonfinal order final and appealable." *Id*. Rather, a "Rule 304(a) finding makes a final order appealable where there are multiple parties or claims in the same action." *Blott v. Hanson*, 283 Ill. App. 3d 656, 660 (1996). There were not multiple parties or claims at issue. Thus, the Rule 304(a) language included in the November 5, 2019, order granting plaintiff a new trial did not make that order final and appealable.

¶ 21 Defendants also assert that even if they were required to file a petition under Rule 306 to confer this court with jurisdiction, they did so when they requested leave to file a petition in their response to plaintiff's motion to dismiss the appeal. We disagree with defendants' assertion.

¶ 22 To confer jurisdiction on the appellate court under Rule 306, a party must file the petition for leave to appeal within 30 days after entry of the trial court's order. *In re Leonard R*., 351 Ill. App. 3d 172, 174 (2004). This 30-day time limit is jurisdictional. *Id*. "Supreme court rules are not mere suggestions; they are rules to be followed." *In re County Treasurer*, 2015 IL App (1st) 133693, ¶ 19. As an appellate court, we "must enforce and abide by the rules of this court" and our power " 'attaches only upon compliance with the rules governing appeals.' " *People v. Lyles*, 217 Ill. 2d 210, 216 (2005) (quoting *People v. Flowers*, 208 Ill.2d 291, 308 (2003)).

¶ 23 Here, defendants filed their response to plaintiff's motion to dismiss on December 19, 2019, which was more than 30 days after the trial court's November 5, 2019, order. Thus, defendants' request for leave to file a petition asserted in their response was untimely. We therefore disagree with defendants' assertion that their request for leave to file a petition under Rule 306(a) was sufficient to confer jurisdiction with this court.

¶ 24 Finally, we acknowledge that on December 22, 2019, this court denied plaintiff's motion to "Immediately Dismiss Defendant-Appellants' Appeal for Failing to Comply, In Any Respect, With Illinois Supreme Court Rule 306(a)(1) Regarding Orders Granting a New Trial." However, this court's denial of plaintiff's motion to dismiss the appeal was not final and we may revisit the question of our jurisdiction at any time before the final disposition of the appeal. See *In re Marriage of Breslow*, 306 Ill. App. 3d 41, 57 (1999) ("the denial of a motion to dismiss an

appeal is not final, and the question of our jurisdiction to hear a case may be revisited at any time before final disposition of the appeal").

¶ 25                                    III. Conclusion

¶ 26        For the foregoing reasons, we dismiss the appeal for lack of jurisdiction.

¶ 27        Dismissed.