2024 IL App (1st) 231575-U

FIRST DIVISION
June 10, 2024

No. 1-23-1575

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| WILMINGTON TRUST, NATIONAL ASSOCIATION, as Trustee for the CoreVest American Finance 2019-1 Trust Mortgage Pass Through Certificates, | ) ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) ) | |
| v. | ) ) | No. 2022 CH 06660 |
| BLAKE ATLAS BILLUPS, | ) ) ) | |
| Defendant-Appellant | ) ) | |
| (Jamison Legacy Holdings, LLC; Derek J. Jamison; Unknown Owners; and Non-Record Claimants, | ) ) ) ) | The Honorable Margaret J. Cocozza, |
| Defendants). | ) | Judge Presiding. |

PRESIDING JUSTICE FITZGERALD SMITH delivered the judgment of the court.
Justices Lavin and Pucinski concurred in the judgment.

**ORDER**

*HELD*: Trial court's denial of defendant's motion to vacate confirmation of sale of property based on his lack of standing in the underlying foreclosure is affirmed and, thus, appeal is dismissed and trial court's judgment stands.

¶ 1     Following the trial court's approval of the sale of property upon which plaintiff-appellee Wilmington Trust, National Association, as Trustee for the CoreVest American Finance 2019-1 Trust Mortgage Pass Through Certificates (plaintiff) had foreclosed, defendant-appellant Blake Atlas Billups (defendant) filed an emergency motion to vacate confirmation of the sale and stay final judgment. The trial court denied defendant's motion for lack of standing. Defendant now appeals, *pro se*, contending that the court erred in denying his motion because, as the "surety" of the principal debtors who tendered a "special deposit" to plaintiff for the property, he had an equitable right to it and enjoys "equitable subrogation" over it and, thus, should have received notice of its sale, the motion to approve sale, and the order approving sale. He asks that we reverse and remand the cause with instructions to "restore all parties as equity would do." For the following reasons, we affirm the trial court's judgment and dismiss this appeal.

¶ 2                                             BACKGROUND

¶ 3     Plaintiff held a commercial mortgage loan over parcels of non-residential real estate and personal property at or used in connection with them located at: 3001 East 83d Street, Units 1-3, Chicago, IL 60617; 7830 S. Escanaba Avenue, Chicago, IL 60649; 8239 South Colfax Avenue, a/k/a 8239-41 South Colfax Avenue, Units 1-4, Chicago, IL 60617; 8431 South Manistee Avenue, Units 1-2, Chicago, IL 60617; and South Burley Avenue, Units 1-3, Chicago, IL 60617 (collectively, "the property"). The registered record titleholder of the property was Jamison Legacy Holdings, LLC (Jamison Legacy), and its registered agent and the guarantor was Derek Jamison (Derek).[1]  In July 2022, following Jamison Legacy's and

---

[1] Neither Jamison Legacy nor Derek are parties to this appeal.

Derek's default on the mortgage, plaintiff filed a complaint for mortgage foreclosure against them and all unknown owners and non-record claimants. Notice of foreclosure was recorded and published, and the court scheduled a case management conference.

¶ 4    On the date of the conference, defendant filed a "Motion to Strike Portions of Plaintiff's Complaint." However, there is nothing in the record demonstrating that this was ever motioned to be heard. Also on that day, defendant, who was not a named party and had never filed an appearance (nor filed an appearance at that time), showed up at the case management conference. Instead of holding the conference, however, the court struck the case from its call, stating "no further case management conference [was] necessary."

¶ 5    The court appointed a receiver, and plaintiff filed a motion for entry of default order, default judgment and judgment of foreclosure and sale. At the hearing on that motion, and with no one having filed answers/responses, the trial court entered an order of default against Jamison Legacy, Derek, and all unknown owners and non-record claimants as to all counts in the complaint. Accordingly, the court entered a judgment of foreclosure and sale in plaintiff's favor, stating that Jamison Legacy, Derek, and all unknown owners and non-record claimants "are found and declared to have no interest in" the property and that the property shall be sold "free and clear" to satisfy the amount due and owing to plaintiff. Sale of the property was scheduled for June 2, 2023.

¶ 6    On May 31, 2023, defendant filed a "Motion to Stay Judicial Sale in the Nature of an Emergency Motion." He asserted that he had "filed a demurrer to the complaint" and that he had "a witness with first hand knowledge that is prepared to testify" that Jamison Legacy and Derek were not given notice of the suit or of judicial sale. He further insisted that he "has an

equitable interest in" the property "by way of an executory contract in equity, dated November 21, 2022, between Jamison Legacy Holdings, LLC and Blake Billups Private Bank E&T, the latter of which he is a beneficiary." At this time, defendant also filed a "Notice of Appearance Under Protest," stating he was "making a special appearance" in the matter. On June 1, 2023, the trial court denied defendant's motion "for lack of standing."

¶ 7 On June 2, 2023, as scheduled, the property was sold at a foreclosure sale to third-party purchaser ProBidder LLC, who soon thereafter assigned it to Adam Development II, LLC (Adam Development). On June 22, 2023, Adam Development filed motions in the trial court for immediate possession upon confirmation of sale, order approving report of sale and distribution, and petition to intervene. Plaintiff similarly filed a motion seeking approval of the report of sale and distribution, confirmation of judicial sale, grant of possession, and discharge of receiver. On July 3, 2023, the trial court granted Adam Development's petition to intervene and entered and continued the requests for approval of sale and immediate possession of the property for hearing on July 13, 2023.

¶ 8 On July 7, 2023, defendant presented a letter in the trial court which he had dated the day prior and had addressed to plaintiff, entitled "Notice of Subrogation and Substitution." In it, defendant claimed he "has primary rights" to the property and insisted that "[s]o soon as [he] pays the debt of the principal debtor [Jamison Legacy], there will arise in his favor an equity" to have the "securities held by the creditor for his demand turned over to him" and that he "be entitled to be subrogated to all the rights, remedies, and securities of the creditor." A few days later, defendant followed this up by filing a document entitled "Plea of Tender" in the trial court, reasserting the same claims that appeared in his letter.

¶ 9        As scheduled, on July 13, 2023, after examining the report and certificate of sale of the property, the trial court entered an order upon Adam Development's and plaintiff's pending motions. It approved the report of sale, confirmed the June 2, 2023 judicial sale, and granted possession of the property to Adam Development.

¶ 10        Several weeks later, on August 2, 2023, defendant filed a "Motion to Vacate Confirmation of Judicial Sale and Stay Final Judgment in the Nature of an Emergency Motion." In it, he asserted that he "gave notice of his notice of appearance in this matter" on May 31, 2023 and that he gave his "Notice of Subrogation and Substitution" to plaintiff on July 7, 2023. He again claimed he held a "proportionate share" of the property but never received any notice about its sale and, thus, he demanded that the sale be set aside.

¶ 11        The record indicates that the trial court held a hearing on defendant's motion on August 8, 2023. While there is no transcript of this hearing in the record, the court's written order from that date struck defendant's motion for his failure to appear and rescheduled the hearing for August 14, 2023. The next document in the record is the court's order from that date indicating defendant was present and a hearing was held but, again, there is no transcript of that hearing in the record before us. The court's order denied defendant's motion to vacate confirmation of sale for "lack of standing." Defendant appealed.

¶ 12                                    ANALYSIS

¶ 13        Defendant contends that he should have been given notice of the sale because he was the debtors' "surety" who had made a "special deposit" with plaintiff and, thus, he had, and has, equity in the property. Plaintiff, meanwhile, requests that we dismiss this appeal as moot

pursuant to Illinois Supreme Court Rule (Rule) 305(k) (Ill. S. Ct. R. 305(k) (eff. July 1, 2017)); alternatively, plaintiff asks that we affirm the trial court's judgment.

¶ 14 As an initial matter, we cannot, as plaintiff requests, dismiss the instant appeal as moot pursuant to Rule 305(k). Briefly, we note for the record that plaintiff filed a motion in our Court seeking this same relief prior to the completion of appellate briefing. Citing *Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514 (2001), it asserted that Rule 305(k) applied to render the appeal moot because the three elements of that rule, which seeks to protect third-party purchasers in property sales, had all been met, namely: (1) the property passed pursuant to a final judgment (the order approving and confirming sale); (2) the property's right, title and interest passed to an entity who was not a party to the proceedings (Adam Development); and (3) defendant did not perfect a stay of the judgment within the time required for filing a notice of appeal (his motion for stay was denied).[2] A different panel of this Court denied plaintiff's motion. Distinguishing *Steinbrecher*, 197 Ill. 2d at 523-24, it found that, because Adam Development filed motions in the trial court and was allowed to intervene prior to the court's July 13, 2023 final order approving and confirming sale, it *was* a party to the proceedings and, thus, the second element of Rule 305(k) was not met.[3]

¶ 15 In its brief on appeal, plaintiff "reincorporates and reinstates the arguments set forth in [its] Motion to Dismiss," asserting that we misapprehended Adam Development's status by considering it as a party to the foreclosure. Upon review, we stand in agreement with the prior order of this Court, finding no reason to depart from its conclusion. The second

---

[2] Defendant did not file a response to plaintiff's motion to dismiss in our Court.
[3] This Court entered its order denying plaintiff's motion to dismiss appeal as moot on March 13, 2024. Upon this denial, appellate briefing proceeded in this matter.

element of Rule 305(k) requires title and interest to pass to an entity who was not a party to the proceedings. See Ill. S. Ct. R. 305(k) (eff. July 1, 2017). On June 22, 2023, before the trial court entered its final order on July 13, 2023 approving and confirming sale, Adam Development filed motions for, among other things, possession upon confirmation of sale and an order approving sale, as well as a petition to intervene. On July 3, 2024, the trial court granted its petition to intervene (and entered and continued the other avenues of relief it sought). At this point, then, which was, again, before the trial court issued its final order approving and confirming sale of the property, Adam Development became a party to the underlying action. See, *e.g.*, *Wasilevich Construction Co. v. LaSalle National Bank*, 222 Ill. App. 3d 927, 929-30 (1991) (once petition to intervene is granted, petitioner becomes a party to the suit). Thus, as our Court previously concluded, the second element was not met and Rule 305(k) cannot be applied to dismiss this appeal as moot.

¶ 16      With that said, however, plaintiff argues in the alternative that this appeal should be affirmed, as the trial court properly dismissed defendant's motion to vacate confirmation of the sale of the property for lack of standing. With this point, we wholly agree.

¶ 17      As a threshold matter, contrary to defendant's insistence that we must proceed via a *de novo* standard of review because this matter is "rooted in the exclusive equity jurisdiction of the chancery court," it is well established that the decision whether to grant or deny a motion to vacate the sale of property is within the discretion of the trial court. See *Eastern Savings Bank, FSB v. Andrews-Lewis*, 2023 IL App (1st) 220413, ¶ 14. Thus, the standard of review to be applied is abuse of discretion, and a trial court abuses its discretion only when its ruling was legally erroneous or where no reasonable person would take the view it adopted. See

7

*Eastern Savings*, 2023 IL App (1st) 220413, ¶ 14 (citing *CitiMortgage, Inc. v. Bermudez*, 2014 IL App (1st) 122824, ¶ 57).

¶ 18     Defendant claims that the trial court's denial of his motion to vacate confirmation of the sale for lack of standing violated his due process rights and harmed him because he was not given notice of plaintiff's motion to approve sale or notice of the order approving sale and granting possession to ProBidder LLC and, subsequently, to Adam Development. However, his argument misses the mark for several reasons, the most critical of which is that he did not have standing in the underlying foreclosure because he was never a party to it and, thus, he was not entitled to notice.

¶ 19     Defendant was not a named party to the foreclosure action. Nothing in the record shows that he was a record titleholder of the property at issue or that he was in any way involved with the mortgage taken out on the property by Jamison Legacy or Derek, the legal titleholders and record mortgagors. Accordingly, a person, like defendant, who is not a party to a cause of action cannot appear and participate in that action unless he first makes himself a party by a recognized form of proceeding. See *MidFirst Bank v. McNeal*, 2016 IL App (1st) 150465, ¶ 14; 735 ILCS 5/2-408 (West 2022). In Illinois, that requires that he formally file in the trial court a petition to intervene. See *MidFirst Bank*, 2016 IL App (1st) 150465, ¶ 15 (citing 735 ILCA 5/2-408 (West 2022)) ("Illinois does not recognize intervention by implication" and, thus, to make himself a party, a nonparty must file a petition to intervene; while "that intervention may be either permissive or as of right, in either circumstance, a timely application to intervene must be made"); accord *Lake County Grading Co., LLC v. Forever Construction Co., Inc.*, 2017 IL App (2d) 160359, ¶ 75; see also *Moran v.*

8

*Commonwealth Edison Co.*, 74 Ill. App. 3d 964, 974 (1979) (a nonparty to an action is a stranger to it and is required to petition to intervene in order to participate in it). Moreover, and particularly in the context of foreclosure actions, a nonparty to a foreclosure may intervene (by right or by a trial court's discretion) by filing a petition to do so only up until the time that an order confirming sale is entered. See *MidFirst Bank*, 2016 IL App (1st) 150465, ¶ 14 (citing 735 ILCS 5/15-1501 (West 2012)); accord *Lake County Grading*, 2017 IL App (2d) 160359, ¶ 75.

¶ 20    In the instant cause, defendant never properly intervened in the foreclosure lawsuit and, thus, he was not entitled to any notice and he did not have any standing to file a motion, let alone the instant motion to vacate confirmation of, and stay, the sale, which he did after the trial court entered its order approving and confirming the sale. First, there is nothing in the record demonstrating that defendant who, again, was a nonparty to the foreclosure, filed a petition to intervene in that lawsuit. We have found no such petition in the record and he does not point us to one. The only thing he briefly mentions (unaccompanied by any argument) is the "Notice of Appearance Under Protest" he attached to his May 31, 2023 motion to stay sale, wherein he stated he was "making a special appearance." Yet, defendant never explained, then or now, what he meant by this. Even were it to have been construed as perhaps some sort of limited appearance (which it was not), it does not change the most material fact here: he never petitioned to intervene in the foreclosure lawsuit, which was required of him if he, as a nonparty, wanted to participate in that matter. Therefore, the trial court properly denied his initial motion to stay sale which he filed on May 31, 2023 for lack of standing and, subsequently, upon his repeated failure to file a petition to intervene

throughout the suit, it properly denied his motion to vacate the confirmation of sale of the property on August 14, 2023—the order appealed from—again, for lack of standing.

¶ 21       Moreover, we must also note the timing with respect to the order defendant appeals. That is, defendant filed his motion challenging the sale on August 2, 2023. However, the property was sold on June 2, 2023, and the trial court entered its final order approving and confirming that sale on July 13, 2023. Accordingly, then, even if his motion to vacate the confirmation of sale could somehow be considered an attempt to intervene in the foreclosure lawsuit (which it cannot), this was too late since the final order confirming sale had already been entered. See *MidFirst Bank*, 2016 IL App (1st) 150465, ¶ 14 (citing 735 ILCS 5/15-1501 (West 2012)) (nonparty may intervene in foreclosure only up until time order confirming sale is entered); accord *Lake County Grading*, 2017 IL App (2d) 160359, ¶ 75.

¶ 22       Ultimately, and simply put, without his proper and timely intervention in the underlying foreclosure lawsuit, defendant was not a party to it. As a nonparty, he was a stranger to that suit and he was not entitled to notice of anything that went on during that litigation. Thus, he had no standing to litigate or present a motion to vacate sale, particularly at the time he did, *i.e.*, after the trial court had entered its final order approving and confirming the sale of the property. While we recognize that he proceeded throughout this litigation *pro se*, that status does not entitle defendant to any sort of lenient treatment, procedurally or otherwise. See *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 78; see also *In re Estate of Pellico,* 394 Ill. App. 3d 1052, 1067 (2009) ("*pro se* litigants are presumed to have full knowledge of applicable court rules and procedures and must comply with the same rules and procedures as would be required of litigants represented by attorneys"). What is more, he fails to provide

any transcript of the hearing that resulted the trial court's determination of his lack of standing, which he now challenges on appeal (or, in fact, of any hearing that took place below). It was defendant's burden to provide this for our review and, without more in the record before us, we cannot find error in that decision. See *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984); *In re Estate of Jackson*, 354 Ill. App. 3d 616, 620 (2004) (it is the appellant's burden to provide complete record and, in absence, this Court presumes trial court's order had sufficient factual basis and conformed to the law, and thereby resolves all doubts due to this failure against the appellant). Suffice to say, the trial court found defendant had no standing to present the motion to vacate sale, and the record here supports this, as he failed to properly intervene in the suit. Accordingly, we hold that the trial court did not abuse its discretion in denying defendant's motion to vacate confirmation of sale for lack of standing.

¶ 23    Having found that the trial court properly denied defendant's motion to vacate confirmation of sale for lack of standing, defendant likewise has no standing to purse an appeal in this matter. See *MidFirst Bank*, 2016 IL App (1st) 150465, ¶ 19 (a nonparty to an underlying suit in the trial court generally does not have standing to pursue an appeal). Therefore, we need not address his remaining argument. However, very briefly, and for the sake of a complete record, we note here that, regardless, it has no merit. Defendant claims that he was Jamison Legacy and Derek's "surety," that he tendered a "special deposit"[4] to plaintiff in "full satisfaction" for the property, and that plaintiff's actions (presumably, its

---

[4] At some points in his brief, he claims he already tendered this deposit to plaintiff, and at other points, he claims that he will soon tender it.

silence) "release[d]" him and vested him with "equitable subrogation" over the property. Equitable subrogation is a legal doctrine that gives "one who involuntarily pays the debt of another" the ability "to succeed to the rights of the original creditor (step into the shoes of or enforce the rights of the original creditor) with respect to the debt paid." *Bank of America, N.A. v. Schroeder*, 2021 IL App (3d) 200339, ¶ 31. We have thoroughly reviewed the record and have found nothing to support defendant's assertion that he paid anything to plaintiff for the property on behalf of Jamison Legacy or Derek in satisfaction of the mortgage debt they owed plaintiff, nor, for that matter, of his own accord or in his name, voluntarily or involuntarily, toward the indebtedness owed on the property. Indeed, there is no proof at all that defendant gave any monies to plaintiff for anything, let alone the property, in satisfaction of the mortgage or for any other reason, nor does he demonstrate that plaintiff "refused" his payment. He does not substantiate anything he asserts in this regard. See *Coleman v. Windy City Balloon Port, Ltd.*, 160 Ill App. 3d 408, 419 (1987) ("without adequate support in the record, an allegation included in the statement of facts contained in an appellate brief lies outside the record [citation]; * * * [and] should be stricken and not considered on appeal").

¶ 24                                            CONCLUSION

¶ 25         Accordingly, for all the foregoing reasons, we affirm the trial court's denial of defendant's motion to vacate confirmation of sale of the property for lack of standing and, thus, without standing below, defendant has no standing to bring the instant appeal.

¶ 26         Affirmed, and appeal dismissed.